HEATH v ALMA PLASTICS COMPANY

Docket Nos. 56884, 57576. Submitted August 4, 1982, at Lansing.—
Decided November 3, 1982.

Dorothy Heath brought a sex discrimination action against her
former employer, Alma Plastics Company, in the Washtenaw
Circuit Court. The court, Edward D. Deake, J., granted judg-
ment for plaintiff following a bench trial. The court awarded
her lost wages based on the difference between her salary and
the court's determination of her "proper salary", damages, and
$750 in attorney fees. Defendant appealed, plaintiff appealed,
and the appeals were consolidated. *Held:*

1. The trial court's finding of sex discrimination was not
clearly erroneous.

2. The court erred in awarding lost wages based on a "proper
salary" rather than on the actual salary of a male employee
doing comparable work.

3. The court did not err in allowing a coemployee of plaintiff
to testify to his opinion that defendant discriminated against
plaintiff. A nonexpert may testify in the form of opinions or
inferences where those opinions or inferences are rationally
based on the perception of the witness and are helpful to a
clear understanding of his testimony or the determination of a

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 607, 695.

[2] 15 Am Jur 2d, Civil Rights § 154 *et seq.*
Construction and application of provisions of Title VII of Civil
Rights Act of 1964 (42 USCS §§ 2000e et seq.) making sex discrim-
ination in employment unlawful. 12 ALR Fed 15.
Construction and application of provisions of Equal Pay Act of 1963
(29 USCS § 206(d)) prohibiting wage discrimination on basis of
sex. 7 ALR Fed 707.

[3] 31 Am Jur 2d, Expert and Opinion Evidence § 24.
Construction and application of Rule 701 of Federal Rules of
Evidence, providing for opinion testimony by lay witnesses under
certain circumstances. 44 ALR Fed 919.

[4] 15 Am Jur 2d, Civil Rights §§ 155, 433.

[5] 7 Am Jur 2d, Attorneys at Law §§ 277-292.
Amount of attorneys' compensation in absence of contract of stat-
ute fixing amount. 57 ALR3d 475.

fact in issue, even if the opinion embraces an ultimate issue of fact.

4. The court did not err in holding that the statutory liquidated damages provision of the minimum wage law was discretionary.

5. The trial court abused its discretion in awarding attorney fees without considering the factors applicable to reasonable attorney fees. Facts to be taken into consideration in determining the reasonableness of attorney fees include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

Affirmed in part, reversed in part, and remanded.

1. APPEAL — FINDINGS OF FACT — BENCH TRIAL.

A finding of fact by a court sitting in a bench trial is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made (GCR 1963, 517.1).

2. CIVIL RIGHTS — SEX DISCRIMINATION — PRIMA FACIE EVIDENCE.

A woman, to show a prima facie case of sex discrimination, must show that she is a member of the class entitled to protection under the act and that, for the same or similar conduct, she was treated differently than a man (MCL 37.2101 *et seq.;* MSA 3.548[101] *et seq.).*

3. EVIDENCE — OPINIONS — NONEXPERT WITNESSES — RULES OF EVIDENCE.

A nonexpert may testify in the form of opinions or inferences where those opinions or inferences are rationally based on the perception of the witness and are helpful to a clear understanding of his testimony or the determination of a fact in issue, even if the opinion embraces an ultimate issue of fact (MRE 701, 704).

4. CIVIL RIGHTS — SEX DISCRIMINATION — DAMAGES — LIQUIDATED DAMAGES.

The granting of liquidated damages as provided for by statute in employee sex discrimination cases is discretionary with the court (MCL 408.393, 408.397; MSA 17.255[13], 17.255[17]).

5. ATTORNEY AND CLIENT — ATTORNEY FEES — REASONABLENESS.

>Facts to be taken into consideration in determining the reasonableness of attorney fees include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

*Hazlett & Judge* (by *Judith W. Judge),* for plaintiff.

*Fortino, Plaxton & Moskal* (by *John J. Moskal),* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and M. R. KNOBLOCK,* JJ.

PER CURIAM. Plaintiff, Dorothy Heath, filed this action alleging sex and marital discrimination in her employment with defendant, Alma Plastics Company. Plaintiff alleged that defendant had violated the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* and the minimum wage law of 1964, MCL 408.381 *et seq.;* MSA 17.255(1) *et seq.,*[1] in paying her at a rate less than that paid to similarly situated male employ-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 37.2202; MSA 3.548(202) provides, in part:

"(1) An employer shall not:

"(a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

\* \* \*

"(c) Segregate, classify, or otherwise discriminate against a person on the basis of sex with respect to a term, condition, or privilege of employment, including a benefit plan or system."

MCL 408.397; MSA 17.255(17) states, in part:

"(1) An employer having employees subject to the provisions of this act shall not discriminate between employees within an establishment on the basis of sex by paying wages to employees in the establishment

ees and in terminating her employment because of her complaints regarding the disparate treatment. Following a bench trial, the court found that defendant had discriminated against plaintiff on account of her sex. Plaintiff was awarded $16,659 in lost wages under MCL 408.393; MSA 17.255(13) and $3,341 in damages under MCL 37.2801; MSA 3.548(801), plus attorney fees in the amount of $750 and costs. Both parties moved unsuccessfully for a new trial. Defendant appeals as of right, claiming clear error in the trial court's finding of sex discrimination. Plaintiff filed an appeal alleging that she was entitled to liquidated damages under MCL 408.393; MSA 17.255(13), and that the award of attorney fees was unreasonably low. The matters were consolidated.

We will first consider defendant's contention that the trial court erred in finding that plaintiff was underpaid and ultimately discharged from her employment as a result of sex discrimination. The circuit court's findings are reviewed pursuant to the "clearly erroneous" standard of GCR 1963, 517.1. *C Thorrez Industries, Inc v Civil Rights Comm,* 88 Mich App 704, 707; 278 NW2d 725 (1979); *Civil Rights Comm v Chrysler Corp,* 80 Mich App 368, 372-373; 263 NW2d 376 (1977). A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court

at a rate less than the rate at which he pays wages to employees of the opposite sex in the establishment for equal work on jobs, the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, except where the payment is made pursuant to (a) a seniority system; (b) a merit system; (c) a system which measures earnings by quantity or quality of production; (d) a differential based on a factor other than sex.

\* \* \*

"(3) For purposes of administration and enforcement, any amounts owing to an employee which have been withheld in violation of this section shall be deemed to be unpaid minimum wages under this act."

on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

In order to make a prima facie showing of sex discrimination, a woman must show that she was a member of a class entitled to protection under the statute and that, for the same or similar conduct, she was treated differently than a man. The crux of a sex discrimination case is that similarly situated persons have been treated differently because of their sex. *C Thorrez Industries, Inc, supra,* 707-708. See, also, *Civil Rights Comm v Chrysler Corp, supra.*

The trial court found that the responsibilities of plaintiff and coemployee James Oberlin substantially overlapped and that the two were similarly situated employees. The court further determined that the difference in the salaries paid to plaintiff and Oberlin, as well as the plaintiff's ultimate discharge from employment, were the result of sex discrimination on the part of defendant. Upon a careful review of the record and arguments of counsel, we are convinced that these factual determinations are well-supported by the evidence at trial.

However, we believe the trial court clearly erred in measuring plaintiff's damages according to a $15,000 annual salary, an amount which the trial court determined was a "proper salary" for plaintiff.

As of January 3, 1977,[2] James Oberlin received a semi-monthly salary of $568.60 (annual salary of $13,646.40) and plaintiff was paid a semi-monthly salary of $491.67 (annual salary of $11,800.08).

[2] Effective January 3, 1977, defendant purchased and assumed operation of the Milan plant.

This pay differential was justified because Oberlin had more seniority with defendant's corporate predecessor than did plaintiff. Therefore, as of January 3, 1977, the effective date of the takeover, it cannot be said that plaintiff received a disparate salary on account of sex.

However, on or about January 15, 1977, Oberlin sought and received an increase in semi-monthly salary to $604.17 (annual salary of $14,500.08). Plaintiff's requests for an increase in pay were denied by defendant. While defendant maintains that Oberlin's salary increase resulted from his "promotion", Oberlin testified that the increase in salary was unrelated to his transfer in job positions.

Accordingly, the record supports a finding that, as of January 15, 1977, the approximate time when Oberlin received a salary increase, the disparate salary paid to plaintiff was a result of sex discrimination.

We conclude that the damages must be recalculated based on the annual salary of $14,500.08, rather than the $15,000 figure used by the trial court.

Defendant next contends that the trial court erred in allowing plaintiff's coemployee Richard Nixon to testify, over objection, concerning his opinion that defendant had discriminated against plaintiff on account of sex. Nixon supported his opinion with his personal observations of plaintiff's talents and experience and concluded that there was no valid reason for her discharge. Defendant contends that this was improper lay opinion testimony.

MRE 701 provides that a nonexpert may testify in the form of opinions or inferences so long as those opinions or inferences are rationally based

on the perception of the witness and are helpful to a clear understanding of his testimony or the determination of a fact in issue. MRE 704 provides that testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue of fact.

In the case at bar, Nixon's opinion was based on his first-hand perceptions of plaintiff's treatment within the employment setting. The trial court did not abuse its discretion in admitting this evidence. Even if error occurred, we would deem it harmless, since there was other ample evidence to support the trial court's finding of sex discrimination.

We now turn to the two issues raised in plaintiff's appeal. Plaintiff first argues that she was entitled to liquidated damages under § 13 of the minimum wage law, MCL 408.393; MSA 17.255(13). Under § 17, MCL 408.397; MSA 17.255(17), the difference between wages paid to workers of one sex and wages paid to similarly situated workers of the opposite sex are deemed to be unpaid minimum wages. Section 13 provides, in part:

"If any employer pays any employee a lesser amount than the minimum wage provided in this act, the employee, at any time within 3 years, may (a) bring a civil action for the recovery of the difference between the amount paid and the minimum wage provided in this act and an equal additional amount as liquidated damages together with costs and such reasonable attorney's fees as may be allowed by the court, and/or (b) file a claim with the commissioner who shall investigate the claim."

The trial court determined that the granting of liquidated damages was discretionary and declined

to award such damages, explaining that they would be "too punitive". At issue on appeal is whether the liquidated damages provision of § 13 is mandatory or discretionary. This is a question of first impression.

In our opinion, the trial court correctly ruled that the liquidated damages provision was discretionary. Several Michigan statutes provide for recovery in certain classes of cases in multiples of the amount of actual loss sustained. Several of these statutes make it absolutely clear that the liability for multiple damages is mandatory.[3] On the other hand, other statutes specifically provide for multiple damages only where the violation is wilful and flagrant.[4]

In the instant case, the Legislature gave no indication as to whether the liquidated damages provision was mandatory or discretionary. In the absence of a contrary intent, it is our opinion that the liquidated damages are clearly punitive in nature and were intended to be imposed only in cases of wilful or flagrant violations. The trial court did not err in denying plaintiff's claim for punitive damages.

The final issue is whether the trial court abused its discretion in granting attorney fees of $750. Both MCL 37.2802; MSA 3.548(802) and MCL 408.393; MSA 17.255(13) provide for the award of reasonable attorney fees if the court determines that the award is appropriate.

[3] See, e.g., MCL 700.662; MSA 27.5662 (fraudulent sale of real estate by fiduciary); MCL 700.171; MSA 27.5171 (embezzlement of deceased person's property); MCL 462.19; MSA 22.38 (dishonest conduct of common carrier); MCL 600.1821; MSA 27A.1821 (unlawful civil arrest); MCL 338.1726; MSA 18.186(26) (discharge of employee for refusal to take polygraph exam).

[4] See MCL 600.2919; MSA 27A.2919 (waste of another's land); MCL 257.1336; MSA 9.1720(36) (unfair or deceptive practice by vehicle repair facility).

The guidelines for determining "reasonableness" are set forth in the recent case of *Wood v DAIIE*, 413 Mich 573; 321 NW2d 653 (1982). See also *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973). The trial court's award will be upheld unless it appears on appellate review that the trial court's finding was an abuse of discretion. *Wood, supra.*

On the facts of this case, we agree with plaintiff that the trial court's award of $750 attorney fees was an abuse of discretion. Plaintiff's affidavit showed that over 116 attorney hours and 22 law clerk hours were expended in prosecution of plaintiff's claim.

The matter is therefore remanded to the trial court for a recalculation of damages based on an annual salary of $14,500.08, and for a determination of reasonable attorney fees based on the factors set forth in *Wood.*

Affirmed in part, reversed in part, and remanded.