## MEEKA v D & F CORPORATION

Docket No. 87721. Submitted October 16, 1986, at Detroit. Decided
January 15, 1987.

Edward Meeka brought an action in the Macomb Circuit Court
against his employer, D & F Corporation, alleging age discrimi-
nation. His wife, Shirley Meeka, joined, alleging loss of consor-
tium. The facts were as follows. Edward Meeka was a skilled
tradesman with a journeyman's card in pattern making. He
also was a journeyman machinist. He was hired by defendant
in November, 1979. Meeka was fifty-five years old at the time of
his layoff. On October 29, 1982, defendant laid off five employ-
ees, including Meeka. On November 5, 1982, it laid off two
more employees. The ages of the seven laid off employees
ranged from twenty-nine years to seventy years. Meeka was
informed that his layoff was due to a lack of available work and
that he would be recalled in a couple of weeks. By February,
1983, Meeka still had not been called back to work. However,
he had seen a younger person at the work place, apparently
working in Meeka's old position. As a result, Meeka filed a
grievance with his union claiming age discrimination. Soon
after, Meeka was recalled to work. The court, Frank E. Jean-
nette, J., granted summary disposition for lack of a genuine
issue of material fact. Plaintiffs appealed.

The Court of Appeals *held:*

In order to establish a prima facie case of age discrimination,
the plaintiff must present evidence that (1) he had skills,
experience, background or qualifications comparable to other
employees who were not laid off, and (2) that age was the
determining factor in defendant's decision to lay plaintiff off.
Plaintiffs did not submit evidence as to Meeka's skills compared

REFERENCES

Am Jur 2d, Civil Rights § 507.

Am Jur 2d, Evidence §§ 127 *et seq.*.

Evidence that discharge was because of age, for purposes of Age
Discrimination in Employment Act (29 USCS §§ 621 *et seq.*). 58
ALR Fed 94.

See also the annotations in the Index to Annotations under Pre-
sumptions and Burden of Proof.

to those employees who were not laid off, nor was there evidence that Meeka was laid off because of his age.

Affirmed.

1. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — BURDEN OF PROOF.

The plaintiff in an employment discrimination case has the burden of proving by the preponderance of the evidence a prima facie case of discrimination; if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason why the plaintiff was rejected, or someone else preferred; should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

2. CIVIL RIGHTS — AGE DISCRIMINATION — BURDEN OF PROOF.

In order to establish a prima facie case of age discrimination, the plaintiff must present evidence that (1) he had skills, experience, background or qualifications comparable to other employees who were not laid off, and (2) that age was the determining factor in defendant's decision to lay plaintiff off; a prima facie case of age discrimination is not shown by mere termination of a competent employee when the employer is forced to lay off due to adverse economic conditions.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Kathleen L. Bogas* and *Sharon D. Blackmon*), for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Seth M. Lloyd* and *Michael R. Lied*), for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiffs, Edward Meeka (plaintiff) and Shirley Meeka, filed a complaint in the Macomb Circuit Court alleging age discrimination against Edward Meeka as a result of his layoff by defendant, D & F Corporation. Edward's wife,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Shirley, claims loss of consortium. The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) and dismissed plaintiffs' suit. Plaintiffs appeal as of right.

Defendant, D & F Corporation, specializes in the manufacturing of products for the auto industry. As defendant's work is tied to the auto industry, it is subject to downturns in the economy. Plaintiff was a skilled tradesman with a journeyman's card in pattern making. He also was a journeyman machinist. He was hired by defendant in November, 1979. Plaintiff was fifty-five years old at the time of his layoff.

On October 29, 1982, defendant laid off five employees, including plaintiff. On November 5, 1982, it laid off two more employees. The ages of the seven laid off employees ranged from twenty-nine years to seventy years. Plaintiff was informed that his layoff was due to a lack of available work and that he would be recalled in a couple of weeks. It is this layoff that plaintiff alleges was a product of discrimination.

By February, 1983, plaintiff still had not been called back to work. However, he had seen a younger person at the work place, apparently working in plaintiff's old position. As a result, plaintiff filed a grievance with his union claiming age discrimination. Soon after, plaintiff was recalled to work. There is some dispute as to whether the recall was a result of an agreement to dismiss the grievance or whether plaintiff was scheduled to be called back to work at this time. However, plaintiff did not return to work because he wanted time to withdraw from a class he was taking. Because of an unexpected strike and plaintiff's refusal to cross the picket line, plaintiff did not return until March 24, 1983.

A motion for summary judgment under GCR

1963, 117.2(3), now MCR 2.116(C)(10), asserts that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Such a motion should not be granted when there is an issue of material fact, since the motion tests the factual support for the plaintiff's claim. The trial court must consider the affidavits submitted, pleadings, depositions, admissions and documentary evidence. The opposing party must show that a genuine issue of disputed fact exists. The test is whether the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. This Court is liberal in finding a genuine issue of material fact. *Langlois v McDonald's Restaurants of Michigan, Inc,* 149 Mich App 309, 314; 385 NW2d 778 (1986).

Plaintiff's claim of age discrimination is based upon the Civil Rights Act, MCL 37.210 *et seq.;* MSA 3.548 (101) *et seq.,* which prohibits employers from discriminating against a person on the basis of age.

The act states in pertinent part:

> An employer shall not:
> (a) . . . discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment because of . . . age . . . . [MCL 37.2202; MSA 3.548 (202).]

In determining the substantive law in discrimination cases, it is appropriate to consider federal precedent. *Langlois, supra.* See also *Matras v Amoco Oil Co,* 424 Mich 675; 385 NW2d 586 (1986).

Age does not have to be the sole factor for the discharge, as long as it is one of the determining

factors. *Matras, supra,* p 682. In the instant case, the question is whether there was sufficient evidence, when viewed most favorably to plaintiff, to conclude that age discrimination was a determining factor in the decision to lay him off.

The burden and order of proofs in an employment discrimination case was stated in *Texas Dep't of Community Affairs v Burdine,* 450 US 248, 252-253; 101 S Ct 1089; 67 L Ed 2d 207 (1981), reaffirming the holding of *McDonnell Douglas Corp v Green,* 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973):

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

See *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785, 793; 369 NW2d 223 (1985).

In order to establish a prima facie case of age discrimination, plaintiff must present evidence that (1) he had skills, experience, background or qualifications comparable to other employees who were not laid off, and (2) that age was the determining factor in defendant's decision to lay plaintiff off. *Matras, supra,* pp 683-684. This Court has previously held that a prima facie case of age discrimination is not shown by mere termination of a competent employee when the employer is

forced to lay off due to adverse economic conditions. *Bouwman v Chrysler Corp,* 114 Mich App 670, 680-682; 319 NW2d 621 (1982), lv den 417 Mich 989 (1983); *Eliel v Sears Roebuck & Co,* 150 Mich App 137, 140; 387 NW2d 842 (1985). A prima facie case may be established by circumstantial evidence. *Jenkins, supra,* p 794.

Plaintiff's claim rested primarily on two points. First, the fact that two other men from his department who were laid off were in their sixty's and that a younger man was doing work similar to what plaintiff routinely did four months after plaintiff was laid off. Second, the fact that he was called back to work shortly after he filed his grievance claiming age discrimination. These facts alone do not establish a prima facie case of age discrimination.

As to the first point, plaintiff has not submitted evidence that he was as skilled and versatile as any of those employees who were not laid off. At his deposition, plaintiff stated that a younger man known only as "Rick" was the only person he saw doing the same work plaintiff had previously done. Plaintiff knew nothing of Rick's training or background and did not know whether Rick had different skills than plaintiff. Without this information, no comparison between plaintiff and Rick can be drawn. *Eliel, supra,* p 141. As to the grievance, there is evidence that the amount of work increased in the shop which resulted in plaintiff's being called back to work. The evidence of plaintiff's recall in exchange for his dropping the grievance will not be construed as an admission of guilt.

Furthermore, there is no evidence that plaintiff was laid off because of his age. There was an equal number of employees laid off who were both older and younger than plaintiff. Of the three employees

older than plaintiff, one requested to be laid off. The other two were eventually recalled to work.

Finally, a prima facie case of age discrimination is not shown by the mere termination of a competent employee when the employer is forced to lay off employees due to adverse economic conditions. *Bouwman, supra,* pp 680-682. Defendant has presented unrebutted evidence that its layoff of plaintiff was due to economic conditions and not age discrimination.

Plaintiff's other argument is that the trial court erred in requiring plaintiff to establish a prima facie case by the preponderance of the evidence. We agree that the trial court erred. For the purposes of a motion for summary disposition, plaintiff is required to establish a genuine issue of material fact as to a prima facie case. *Langlois, supra,* p 314; *Bouwman, supra,* pp 679-680. However, even applying the correct standard of review, summary disposition was correctly granted. Therefore any error was harmless.

Affirmed.