## WYATT v SOUTHLAND CORPORATION

Docket No. 91541. Submitted June 11, 1987, at Detroit. Decided August 17, 1987.

Otalee Wyatt, Craig Colston, and Gregory Mason were all employees of a Seven-Eleven convenience store in Detroit who, along with the six other employees of the store, were discharged from their employment after there were inventory shortages of from $14,000 to $17,000 in a one-month period. All the employees were black. The auditors, district manager, and the zone manager of Southland Corporation, which owned the Seven-Eleven Store, were white. Wyatt, Colston, and Mason filed suit against Southland Corporation in Wayne Circuit Court alleging that their civil rights had been violated by Southland. At the conclusion of plaintiffs' proofs, the trial court, John H. Gillis, Jr., J., held that plaintiffs had failed to make out a prima facie case and granted defendant's motion for a directed verdict. Plaintiffs appealed.

The Court of Appeals *held:*

Plaintiffs failed to make a prima facie case of racial discrimination against defendant. The trial court did not err in granting defendant's motion for a directed verdict.

Affirmed.

Civil Rights — Employment Discrimination — Disparate Treatment.

There are two alternative theories for establishing a prima facie case of disparate treatment under the Civil Rights Act: under the first alternative, a plaintiff must show that he is a member of the class entitled to protection under the act and that he was treated differently, for the same or similar conduct, from others

References

Am Jur 2d, Civil Rights §§ 98 *et seq.;* 290 *et seq.*

Am Jur 2d, Job Discrimination §§ 1993 *et seq.*

Racial discrimination in labor and employment—Supreme Court cases. 28 L Ed 2d 928.

See also the annotations in the Index to Annotations under Discharge from Employment or Office.

See also the annotations in the Index to Annotations under Equal Employment Opportunity.

not members of the protected class; under the second alternative, a plaintiff must show that he is a member of the affected class, that he was discharged, and that the person discharging him was predisposed to discriminate against persons in the affected class and had actually acted on that disposition in discharging him (MCL 37.2202; MSA 3.548[202]).

*Walter A. Lucken,* for plaintiffs.

*Houghton, Potter, Sweeney & Brenner* (by *William C. Potter, Jr.*), for defendant.

Before: SHEPHERD, P.J., and M. J. KELLY and C. M. FORSTER,* JJ.

M. J. KELLY, J. This case involves an allegation of a violation of the Civil Rights Act, specifically MCL 37.2202; MSA 3.548(202). Plaintiffs are former employees of a Seven-Eleven convenience store located in the City of Detroit. Defendant, Southland Corporation, operates a chain of convenience stores which includes the outlet where plaintiffs were formerly employed.

At the time that they were hired all plaintiffs signed a policy statement of the employer to the effect that repeated cash or inventory variations could result in termination of employment. Following a series of inventory audits that revealed inventory shortages from $14,000 to $17,000 in a one-month period, the employment of all of the outlet's nine employees, including plaintiffs, was terminated. All of the employees were black. The auditors, the district manager, and the zone manager employed by defendant were white.

By the time of trial, plaintiffs' claim (which had included allegations of breach of contract and criminal code violations prohibiting certain forms of discrimination), was limited to whether their

---

* Circuit judge, sitting on the Court of Appeals by assignment.

civil rights had been violated pursuant to the Civil Rights Act.

At the conclusion of plaintiffs' proofs, the trial court held that plaintiffs had failed to make out a prima facie case and granted defendant's motion for a directed verdict. The trial court reasoned that since race was not mentioned as a factor in firing plaintiffs and since defendant hired black employees to replace plaintiffs and the other terminated employees, plaintiffs had failed to show that they were treated differently than those who were not members of a protected class. Plaintiffs appeal this decision as of right. We affirm.

In considering a motion for a directed verdict the trial court must view the evidence and all legitimate inferences it raises in a light most favorable to the plaintiff; however, a defendant is entitled to a directed verdict if the plaintiff has failed to establish a prima facie case. *Perry v McLouth Steel Corp,* 154 Mich App 284, 296; 397 NW2d 284 (1986).

MCL 37.2202; MSA 3.548(202) provides in part:

> (1) An employer shall not:
> (a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

There are two alternative theories for establishing a prima facie case of disparate treatment under § 202 of the Civil Rights Act. See *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785; 369 NW2d 223 (1985); *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641; 378 NW2d 558 (1985).

Under the first alternative, plaintiffs must show that they are members of the class entitled to protection under the act and that they were treated differently, for the same or similar conduct, from others not members of the protected class. See *Brewster, supra* at 654; *Heath v Alma Plastics Co,* 121 Mich App 137; 328 NW2d 598 (1982), and *Civil Rights Comm v Chrysler Corp,* 80 Mich App 368; 263 NW2d 376 (1977) (applying the disparate treatment theory under the former act, the fair employment practices act).

The first part of this test is met since plaintiffs are members of the protected class. However, plaintiffs failed to present evidence during the presentation of their proofs that they were treated differently from others who were not members of a protected class where there had been significant inventory shortages. In fact the evidence presented by one of plaintiffs' witnesses, on cross-examination, was that on two other occasions the entire staff of an outlet had been discharged for inventory variations. At one of these outlets the entire staff was white, while at the other outlet the staff was mixed, both white and black. In both these cases the inventory variations were less than those in this case.

Under the second alternative for establishing a prima facie case under a disparate treatment theory, plaintiffs had to prove that they were discharged and that the individual discharging them was predisposed to discriminate against blacks. See *Civil Rights, supra* at 374, n 3; *Jenkins, supra;* and *Brewster, supra.* Here, at the time of the discharges, race was not mentioned as a factor in the firings. Furthermore, with the exception of one sales clerk and one security guard, plaintiffs and the six other discharged employees were replaced by black employees.

Since plaintiffs failed to make a prima facie case on their Civil Rights Act claim, the trial court did not err in granting defendant's motion for a directed verdict.

Affirmed.