BALWINSKI v CITY OF BAY CITY

Docket No. 90913. Submitted April 15, 1987, at Lansing. Decided June 6, 1988.

   Eugenia Balwinski filed suit against the City of Bay City in Bay Circuit Court alleging age discrimination in defendant's decision to hire as deputy city clerk a thirty-five-year-old city employee who allegedly had less seniority, education, and experience than the sixty-one-year-old plaintiff. Following a bench trial, the court, William J. Caprathe, J., entered a judgment of no cause of action, finding that plaintiff had failed to prove by a preponderance of the evidence that age had been a significant factor in defendant's choice to hire the other applicant. Plaintiff appealed.

   The Court of Appeals *held:*

   The trial court did not err in finding that defendant presented legitimate, nondiscriminatory reasons for hiring the other applicant rather than plaintiff and that the reasons articulated by defendant were not a mere pretext for age discrimination.

   Affirmed.

   SHEPHERD, J., concurred but wrote separately to state his belief that it is not necessary to determine that the city's affirmative action plan, under which positions are to be awarded to qualified city employees with the greatest seniority, is not a contract. He would hold that the plan at issue applies to discrimination involving minorities and women, not age.

1. CIVIL RIGHTS — AGE DISCRIMINATION.

   The plaintiff in an age discrimination case has the initial burden of proving by a preponderance of the evidence a prima facie case of age discrimination; once a prima facie case has been established, the burden shifts to the defendant to articulate

REFERENCES

Am Jur 2d, Civil Rights §§ 226 *et seq.*

Identification of jobseeker by race, religion, national origin, sex, or age, in "situation wanted" employment advertising as violation of state civil rights laws. 99 ALR3d 154.

Application of State law to age discrimination in employment. 96 ALR3d 195.

some legitimate, nondiscriminatory reason for the employee's rejection or dismissal; if the defendant meets its burden, the plaintiff must then be given the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not true reasons, but were a mere pretext for discrimination (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

2. MASTER AND SERVANT — AGE DISCRIMINATION — BURDEN OF PROOF
   — CIVIL RIGHTS.

   A plaintiff in an age discrimination case need not prove that age was the sole reason for discharge or refusal to hire, but must persuade the trier of fact that age was a determining factor in the decision adverse to the plaintiff.

*Borrello, Thomas & Jensen, P.C.* (by *Jill K. Smith*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Thomas J. Laginess*), for defendant.

Before: CYNAR, P.J., and SHEPHERD and B. A. JASPER,* JJ.

B. A. JASPER, J. Plaintiff Eugenia Balwinski appeals as of right from a judgment of no cause of action entered in favor of defendant City of Bay City following a bench trial. Plaintiff's complaint alleged age discrimination by defendant in violation of MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* We affirm.

On January 30, 1984, plaintiff filed her complaint alleging that she applied for the position of deputy city clerk, but was not hired for the position because of her age. Plaintiff claimed that defendant awarded the position to another city employee with less seniority, education, and experience than plaintiff. Plaintiff was sixty-one years old at the time she applied for the job while the

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

employee who was hired, Connie Deford, was thirty-five years old.

At the close of proofs, the trial court made findings of fact on the record. The court concluded that plaintiff had failed to prove by a preponderance of the evidence that age had been a significant factor in defendant's choice to hire Deford. In examining the proofs introduced at trial, the trial court adopted the analysis used by federal courts in cases brought under the Age Discrimination in Employment Act (ADEA), 29 USC 621 *et seq.*: (1) the plaintiff has the initial burden of proving by a preponderance of the evidence a "prima facie case" of age discrimination; (2) once a plaintiff has established a "prima facie case," the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection or dismissal; (3) should the defendant meet this burden, the plaintiff must then be given the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not true reasons, but were a mere pretext for discrimination. See, e.g., *Loeb v Textron, Inc,* 600 F2d 1003 (CA 1, 1979); *Laugesen v Anaconda Co,* 510 F2d 307 (CA 6, 1975) (ADEA cases where courts adopted the allocation of burden of proofs set forth in *McDonnell Douglas Corp v Green,* 411 US 792, 802-804; 93 S Ct 1817; 36 L Ed 2d 668 [1973]).

As explained in *Texas Dep't of Community Affairs v Burdine,* 450 US 248, 255-256; 101 S Ct 1089; 67 L Ed 2d 207 (1981), requiring a defendant to rebut the initial prima facie case serves to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. The plaintiff's burden at this point "merges with the ultimate burden of persuading the court that [the plaintiff] has been

the victim of intentional discrimination." *Burdine, supra,* p 256. A plaintiff may succeed in establishing that the defendant's proffered reason was a pretext either directly by persuading the trier of fact that a discriminatory reason more likely motivated the employer or indirectly by showing that the proffered reason is not worthy of credence. *Id.*

Federal law has been considered by Michigan courts in reviewing state law claims of age discrimination. See, e.g., *Matras v Amoco Oil Co,* 424 Mich 675, 683-685; 385 NW2d 586 (1986); *Meeka v D & F Corp,* 158 Mich App 688, 692; 405 NW2d 125 (1987); *Bouwman v Chrysler Corp,* 114 Mich App 670, 678-680; 319 NW2d 621 (1982), lv den 417 Mich 989 (1983); *Gallaway v Chrysler Corp,* 105 Mich App 1, 5-6; 306 NW2d 368 (1981), lv den 413 Mich 853 (1982). As stated by the trial court below, the successful plaintiff need not prove that age was the sole reason for the discharge or refusal to hire, but the plaintiff retains the burden of persuading the trier of fact that age was a determining factor in the decision adverse to the plaintiff. *Matras, supra,* pp 682-683.

On appeal, plaintiff does not challenge the analysis adopted or law applied by the trial court. Rather, plaintiff contends that the trial court erred in finding that (1) the defendant presented legitimate, nondiscriminatory reasons for hiring Deford rather than plaintiff and (2) the reasons articulated by defendant were not a mere pretext for age discrimination.

This Court may not set aside the findings of fact challenged by the plaintiff unless the findings are clearly erroneous. MCR 2.613(C). *Heath v Alma Plastics Co,* 121 Mich App 137, 140; 328 NW2d 598 (1982). A finding of fact is clearly erroneous when the reviewing court, after reviewing the entire record, is left with a definite and firm conviction

that a mistake has been committed. *Precopio v Detroit,* 415 Mich 457, 462; 330 NW2d 802 (1982). In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. MCR 2.613(C).

The trial court's findings were largely based on the testimony of Walter Wozniak, the city clerk of Bay City, and Richard Busch, the city's personnel director, the two individuals primarily responsible for the decision to hire Deford. Among the reasons articulated by defendant for its preference for Deford over plaintiff were: (1) Wozniak, who had previously worked with both plaintiff and Deford, perceived Deford to have better communication skills than plaintiff, whom he found domineering and resistant to direction. Wozniak believed Deford's enhanced ability to get along with people would be especially significant in a small three-person office; (2) Deford had data processing experience and training not possessed by plaintiff; (3) because Deford had worked in the city clerk's office more recently than plaintiff, Deford was familiar with recent changes in office operations and procedures; and (4) Deford could be depended upon to follow up on assignments she had been given and was capable of both solving problems and anticipating those that might arise while plaintiff had failed to demonstrate an ability to follow up on assignments. Wozniak testified that Deford's ability to work effectively with the public and other employees had been his primary consideration and that age had played no part in his decision. The trial court specifically found that the reasons stated by Wozniak for his preference for Deford over plaintiff were not a pretext for age discrimination, but were based on Wozniak's honest perception of the applicants based on his per-

sonal experience with them and on employer evaluations of the applicants.

Our review of the record does not leave us with a definite and firm conviction that the trial court erred in finding that defendant's articulated reasons for its hiring decision were legitimate and valid and not a mere pretext for discriminating against plaintiff based on her age.

Plaintiff additionally argues that the trial court erroneously failed to take into account defendant's affirmative action plan, under which positions are to be awarded to qualified city employees with the greatest seniority. The evidence presented at trial does not indicate that the plan was a contractual requirement. More importantly, the existence of an affirmative action plan does not prove that defendant engaged in discriminatory hiring practices. Plaintiff still bore the burden of proving by a preponderance of the evidence that age had been a determining factor in defendant's decision not to hire plaintiff. We are not persuaded that the trial court made a mistake in finding that plaintiff failed to meet that burden.

The order of judgment of no cause of action in favor of defendant and dismissing plaintiff's complaint with prejudice is affirmed.

CYNAR, P.J., concurred.

SHEPHERD, J. *(concurring)*. I concur in the result but I write separately since I do not believe it is necessary for us to determine that the city's affirmative action plan is not a contract. If an affirmative action plan is adopted to address the problem of discrimination as to specific groups, employees within those groups may arguably maintain that they have a right to rely on the provisions of the plan. However, in order to establish a contract,

one must look at the plan and determine whether it applies in an individual case. In this case the plan as I see it applies to minorities and women. Apparently no affirmative action plan was created to apply to the classification of age. Whether this is because no pattern of discrimination against older people existed prior to the adoption of the plan is not a part of the record. Since my view of the plan is that it does not apply to the classification of age, we need not address the issue of whether failing to follow the plan is a breach of contract.