**Danny E. PAGE, Plaintiff–Appellant,**

v.

**MONROE CITY DEPARTMENT OF BUILDING AND ZONING, Defendant–Appellee.**

**No. 02–1223.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

Danny E. Page, proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1981 and 1982. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 10, 2001, Page, an African–American, filed a complaint against the City of Monroe, Michigan, Department of Building and Zoning ("City"). Page alleged that he applied for a building permit for property located at 1027/1029 East

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

Third Street in Monroe, Michigan. Page alleged that his application was denied, however, based upon his race.

The City filed a motion for summary judgment, to which Page responded. After conducting a hearing, the district court granted the City's motion for summary judgment and dismissed Page's complaint, finding the action barred by the doctrine of res judicata. Page has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Res judicata, or claim preclusion, bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised and litigated in a prior action. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995). Res judicata applies when there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane,* 71 F.3d at 560. A Fed. R.Civ.P. 56(c) grant of summary judgment constitutes a decision on the merits. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990).

Previously, on September 30, 1999, Page filed a complaint in the United States District Court for the Eastern District of Michigan against the City of Monroe, Michigan, alleging violations of his civil rights under 42 U.S.C. §§ 1981, 1983, and 1985(3), and state law. In that complaint, Page alleged that he was discriminated against on the basis of his race when his application for a building permit for property located at 1027/1029 East Third Street in Monroe, Michigan, was denied. On December 19, 2000, the district court addressed the merits of Page's claims, granted summary judgment against Page, and dismissed the action. The district court's judgment was affirmed by a panel of this court on August 10, 2001. *Page v. City of Monroe,* 24 Fed.Appx. 249 (6th Cir. Aug.10, 2001) (unpublished).

Upon review, we conclude that the complaint filed by Page in the instant action is barred by the doctrine of res judicata. First, the prior September 1999, action and the instant action involve the same parties in that Page is the plaintiff and the City is the defendant. Second, both actions are based upon the same facts, namely the City's denial of Page's application for a building permit for property located at 1027/1029 East Third Street in Monroe, Michigan. Third, the dismissal of Page's prior lawsuit pursuant to Fed.R.Civ.P. 56(c) constitutes an adjudication on the merits for purposes of res judicata. *See Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325. Fourth, the instant action involves issues that were or could have been raised and litigated in the prior suit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.