ELIEL v SEARS, ROEBUCK AND COMPANY

Docket No. 76014. Submitted November 7, 1984, at Detroit.—Decided May 24, 1985.

Albert W. Eliel, Sr., an employee of Sears, Roebuck and Company from 1964 to 1981, was discharged for unsatisfactory job performance. Eliel and his wife filed a wrongful discharge action against Sears, Roebuck and Company and others in Wayne Circuit Court alleging breach of his employment contract, age discrimination, and sex discrimination. Mrs. Eliel claimed a loss of consortium based upon her husband's discharge. The court, Maureen Pulte Reilly, J., granted defendants' motion for summary judgment on the ground that there was no genuine dispute as to any material fact and that defendants were entitled to prevail as a matter of law. Plaintiffs appealed. *Held:*

1. The express terms of Mr. Eliel's job application show that his contract of employment with Sears was terminable at will.

2. Plaintiffs' age discrimination claim is rejected, since they failed to show that Mr. Eliel had skills, experience, background or qualifications comparable to other employees who were not discharged and that age was a determining factor in his discharge.

3. Mr. Eliel's assertions of sex discrimination do not support a claim of sex discrimination against Sears.

4. Mrs. Eliel's claim for loss of consortium, being contingent upon a recovery by Mr. Eliel, is denied.

5. The circuit court did not err by granting summary judgment for defendants.

Affirmed.

1. CIVIL RIGHTS — AGE DISCRIMINATION — TERMINATION OF EMPLOYMENT.

Essential elements of a claim that a plaintiff was discharged from

REFERENCES

Am Jur 2d, Civil Rights §§ 226 *et seq.*

Application of state law to age discrimination in employment. 96 ALR3d 195.

Validity and construction of labor legislation prohibiting discrimination on account of age. 29 ALR3d 1407.

his employment due to age discrimination include: (1) that the plaintiff had skills, experience, background, or qualifications comparable to other employees who were not discharged; and (2) that age was a determining factor in the discharge.

2. CIVIL RIGHTS — AGE DISCRIMINATION.
   The fact that an employer hires more young people than old people will not in and of itself support a claim of age discrimination.

*Levon G. King, P.C.* (by *Lee C. Wenskay*), for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Charles C. DeWitt, Jr.*), for defendants.

Before: GRIBBS, P.J., and D. E. HOLBROOK, JR., and N. J. LAMBROS,* JJ.

PER CURIAM. In this action, plaintiffs sought to recover damages for breach of an employment contract, age and sex discrimination, and loss of consortium. The circuit court granted defendants' motions for summary judgment pursuant to GCR 1963, 117.2(3), holding that there was no genuine dispute as to any material fact and that defendants were entitled to prevail as a matter of law. Plaintiffs appeal as of right.

In *Toussaint v Blue Cross & Blue Shield of Michigan*, 408 Mich 579, 598; 292 NW2d 880 (1980), the Court said:

"We hold that

"1) a provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable although the contract is not for a definite term—the term is 'indefinite,' and

"2) such a provision may become part of the contract either by express agreement, oral or written, or as a

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

result of an employee's legitimate expectations grounded in an employer's policy statements."

Here, Albert W. Eliel (hereinafter referred to singularly as plaintiff) acknowledges having signed a written application for employment with defendant Sears, Roebuck and Company. The application contained the following provision:

"In consideration of my employment, I agree to conform to the rules and regulations of Sears, Roebuck, and Co., and my employment and compensation can be terminated, with or without cause, and with or without notice, at any time, at the option of either the Company or myself. I understand that no store manager or representative of Sears, Roebuck and Co., other than the President or Vice President of the Company, has any authority to enter into any agreement for employment for any specified period of time, or make any agreement contrary to the foregoing."

Plaintiff attempts to avoid the effect of this provision by contending that he signed the job application as a ruse in connection with his employment as an undercover agent for Pinkerton, Inc. Later, according to plaintiff, he was hired by defendant Sears by an oral agreement with a Sears store superintendent named Yates. However, plaintiff's deposition testimony demonstrates that, whatever the circumstances under which he filled out the application, plaintiff knew that at the time he was hired by Sears his employment with Sears was governed by the terms of the application:

"*Q.* So Yates comes to you and says, 'How would you like to work for Sears,' right?
"*A.* Yes.
"*Q.* And this is while you are already working undercover at Sears.

"*A.* Being paid by Pinkerton and Sears at the same time.

*Q.* Okay. So then Yates says, what, 'Fill out an application'?

"*A.* No. I had already filled out an application when I come in.

\* \* \*

"*Q.* [By defense counsel, continuing.] Did you fill this out before you met Yates or after you met Yates?

"*A.* Before. That was the first day I walked into that store.

"*Q.* Then Yates told you to apply for a job, didn't he?

"*A.* He didn't say 'apply for a job.' He asked me if I would like to go to work for Sears. I said, 'Yes,' and he said, 'You're hired.' He said, 'You made out an application already,' blah, blah, blah, and so forth, and I said, 'Yes.' "

Plaintiff claims that subsequent statements by representatives of Sears established a contract that plaintiff could not be discharged except for just cause. Plaintiff does not contend that any such statements were made by the president or vice-president of Sears. The express terms of the application show that plaintiff's contract of employment with Sears was terminable at will. See, for example, *Summers v Sears, Roebuck & Co,* 459 F Supp 1157, 1161 (ED Mich, 1982).

Michigan courts have held that essential elements of a claim that a plaintiff was discharged due to age discrimination include: (1) that the plaintiff had skills, experience, background or qualifications comparable to other employees who were not discharged; and (2) that age was a determining factor in the discharge. See, for example, *Bouwman v Chrysler Corp,* 114 Mich App 670, 680; 319 NW2d 621 (1982). Plaintiff relies on his deposition testimony to show the existence of a genuine issue of material fact as to age discrimination.

Plaintiff first points to testimony that a younger employee was not discharged even though plaintiff claims that he averaged more sales per hour than the younger employee. Because the younger employee worked only part-time, however, he was not a comparable employee to plaintiff. It is not disputed that plaintiff's sales record was worse than that of any other full-time employee in his department.

Plaintiff also relies on his testimony that Sears hired more young people than old people. As the court explained in *Laugesen v Anaconda Co*, 510 F2d 307, 313, fn 4 (CA 6, 1975), such a circumstance, without more, will not support a claim of age discrimination. A natural consequence of the aging process is that younger employees are constantly replacing older employees as younger persons enter the job market and older persons leave.

The allegations of sex discrimination in plaintiff's complaint were based on his transfer from the men's shoe department to the carpet department. Plaintiff alleged that the transfer required him to compete with female coworkers in a department where, according to plaintiff, the customers were mostly women. In his deposition, however, plaintiff conceded that he had been transferred to the carpet department at his own request. Plaintiff subsequently relied on an assertion that he was given inadequate training for selling carpets. This assertion will not support a claim of sex discrimination, because plaintiff concedes that he had no evidence that his female coworkers received any more training than he received. See *Civil Rights Comm v Chrysler Corp*, 80 Mich App 368, 376; 263 NW2d 376 (1977). Plaintiff also asserts that women are more likely to buy carpets from women than from men, but plaintiff produced no evidence to support this assertion, and we

cannot see how this assertion, even if true, could support a claim against Sears for sex discrimination.

The claim of Mrs. Eliel for loss of consortium is contingent upon her husband's recovery. *Jones v Slaughter*, 54 Mich App 120; 220 NW2d 63 (1974). On this record, the circuit court did not err by granting summary judgment for defendants on all of plaintiffs' claims.

Affirmed.