**George E. JOUMAS, Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, a foreign corporation, Defendant.**

**No. 87–CV–73020–DT.**

United States District Court, E.D. Michigan, S.D.

June 29, 1988.

Calvin Klyman, Birmingham, Mich., for plaintiff.

Michael G. Costello, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND OR-DER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HACKETT, District Judge.

This matter is presently before the court on Defendant's Motion for Summary Judg-ment. Plaintiff's complaint contains vari-ous causes of action related to plaintiff's employment relationship with the defend-ant employer. Plaintiff alleges breach of an implied employment contract in Count I, age discrimination in violation of the El-liott–Larsen Civil Rights Act in Count II and intentional infliction of emotional dis-tress in Count III.

### FACTS

Plaintiff's employment as a boiler and machinery inspector for defendant Mary-land Casualty Company commenced on July 16, 1973. Since that date, the boiler and machinery inspections required by de-fendant have steadily decreased with a con-comitant decline in office resources and staff.

As part of the reduction in the work force, seventeen employees, including plaintiff, were laid-off. Defendant was subsequently informed by his supervisor that he was being terminated. Defend-ant's duties were temporarily assumed by two other employees and in 1985 defendant ceased employing boiler and machinery in-spectors. Defendant employer had a "just cause" termination policy in effect to gov-ern terminations and attempted to offer alternative solutions, such as transfers and demotions, before terminating an employ-ee.

### ARGUMENTS

In support of the summary judgment motion, defendant maintains that plaintiff cannot factually establish the elements of his claims. As to Count I, defendant ar-gues that the economic climate forced a reduction in staff and that economic neces-sity is "just cause" to terminate plaintiff's employment. Therefore, there is no breach of the employment contract and defendant is entitled to prevail on the *Toussaint* claim. [*Toussaint v. Blue Cross & Blue Shield of Mich.*, 408 Mich. 579, 292 N.W.2d 880.]

Plaintiff responds to defendant's argu-ment by first conceding that termination as

part of a reduction in work force, standing alone, would not constitute wrongful discharge. However, plaintiff claims that when the discharge violates company policy to terminate according to seniority and to offer those subject to termination alternate positions within the company, the discharge is wrongful and breaches terms of the employment contract.

Defendant replies that plaintiff's argument is contradicted by his own deposition wherein he testifies that he was never told by anyone in defendant's employ that the company had implemented a policy of favoring the most senior or offering solutions other than termination to employees faced with the loss of their jobs. Instead, the seniority factor enters the employment relationship as part of plaintiff's subjective personal belief that large companies customarily terminate by seniority. Defendant asserts that this personal belief held by plaintiff is factually insufficient to establish a company policy.

With respect to Count II, the age discrimination claim, defendant contends that Michigan law mandates that plaintiff show: 1) that he had skills, experience, background and qualifications comparable to other employees who were retained, and 2) that age was a determining factor in the discharge. *Eliel v. Sears, Roebuck and Co.*, 150 Mich.App. 137, 387 N.W.2d 842 (1985) and *Bouwman v. Chrysler Corp.*, 114 Mich.App. 670, 319 N.W.2d 621 (1982). Defendant's motion attempts to persuade the court that plaintiff cannot satisfy either of the above elements.

The comparison required by the above first element is impossible to satisfy because there are no employees with boiler and machinery training similar to plaintiff's. Thus, plaintiff cannot meet his burden of showing that he had training comparable to those that were retained. As to the second element, a singular allegation as in this case that younger employees were retained has been consistently held insufficient in raising the inference that age was a factor in the decision to discharge. *Matras v. Amoco Oil Co.*, 424 Mich. 675, 385 N.W.2d 586 (1986); also see *Dabrowski v.*

*Warner–Lambert Co.*, 815 F.2d 1076 (6th Cir.1987); *Locke v. Commercial Union Insurance Co.*, 676 F.2d 205 (6th Cir.1982); and, *Laugesen v. Anaconda Co.*, 510 F.2d 307 (6th Cir.1975). Additionally, the courts have imposed a higher burden on the employee in raising the inference of discrimination during times of economic downturn. *Matras*, 424 Mich. at 685, 385 N.W.2d 586. Plaintiff in the present case has this greater burden to bear and cannot carry it by merely showing that an age difference existed between himself and those employees that were retained.

To rebut defendant's arguments, plaintiff submits evidence of the long and successful employment history he has developed with his employer. The history illustrates a highly qualified employee whose flexibility allowed him to expand into other areas while those of boiler and machinery inspection dwindled. Plaintiff argues that his employment history, especially his ability to work in areas other than boiler and machinery inspection, negates the reasons for termination given by defendant and that through the process of elimination, there is only one possible cause for his termination—his age.

With respect to Count III which is a tort claim for intentional infliction of emotional stress, defendant argues that its conduct in terminating an employee does not demonstrate the requisite "extreme and outrageous" degree needed to sustain this claim. The factual allegations, even if true, do not go beyond all possible bounds of human dignity and decency, are not atrocious and do not go beyond the realm of a civilized society.

## ANALYSIS

F.R.Civ.P. 56(c) provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The principles governing consideration of a motion for summary judgment are discussed in

*Watkins v. Northwestern Ohio Tractor Pullers Assn.*, 630 F.2d 1155 (6th Cir.1980) where the court stated:

[t]he District Court may grant a motion for summary judgment only if it finds from the whole record before it that there are no material facts which are in dispute. It may not make findings of disputed facts on a motion for summary judgment. The movant has the burden of showing conclusively that there exist no genuine issues as to a material fact and that the evidence together with all inferences to be drawn therefrom must be considered in the light most favorable to the party opposing the motion. The movant's papers are to be closely scrutinized while those of the opponent are to be viewed indulgently.

*Id.* 1158; see also *Ghandi v. Police Dept. of the City of Detroit*, 747 F.2d 338 (6th Cir.1984).

The party moving for summary judgment "bears the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in his favor." *United States v. Articles of Device*, 527 F.2d 1008, 1011 (6th Cir.1976); see also *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968), [relying on F.R.Civ.P. 56(e) ], *reh'g denied*, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968); see also *Daily Press Inc. v. UPI*, 412 F.2d 126 (6th Cir.1969), *cert. denied*, 396 U.S. 990, 90 S.Ct. 480, 24 L.Ed.2d 453 (1969); *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023 (6th Cir.1968). "[C]onclusory and unsupported allegations do not satisfy this burden". *Davis v. Robbs*, 794 F.2d 1129 (6th Cir.1986), *cert. denied* 479 U.S. 992, 107 S.Ct. 592, 93 L.Ed.2d 593 (1986).

Rule 56(e) makes clear that parties are not entitled "to get to the jury on the basis of allegations in their complaints, coupled with the hope that something can be developed at trial...." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. at 289–90, 88 S.Ct. at 1593. The opponent must at least produce "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.* at 289, 88 S.Ct. at 1592.

In the instant suit, with respect to Count I, plaintiff is attempting to have the *Toussaint* theory extended to company policies other than those that govern termination. More specifically, to the company policies that cover lay-off procedures. Characterized by plaintiff as terms that outline the parameters of the employment contract, failure by the defendant to adhere to these two policies would cause a breach just as surely as termination without "just cause" would in the classic *Toussaint* situation. Plaintiff submits that because his lay-off occurred without his seniority being considered and without the offer of another job, defendant breached the employment contract.

■ This court has been persuaded that the "only right held in *Toussaint* to be enforceable was the right that arose out of the promise not to terminate except for cause." *Valentine v. General American Credit, Inc.*, 420 Mich. 256, 362 N.W.2d 628 (1984). Limited in this way by the Michigan Supreme Court, the federal judiciary "absent further guidance from the state courts, [has] decline[d] to extend *Toussaint.*" *Grubb v. W.A. Foote Memorial Hosp. Inc.*, 533 F.Supp. 671, n. at 672–73 (1981), *rev'd in part on other grounds*, 759 F.2d 546 (6th Cir.1985), *cert. denied*, 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 289 (1985). Mindful of the language of the Michigan Supreme Court in *Valentine* and the federal district court in *Grubb*, this court also declines to extend *Toussaint* to the present employment dispute. This court finds that the undisputed reduction in force was "just cause" to terminate plaintiff and that the company policies covering

lay-off procedures are not part of the employment contract. Therefore, summary judgment in defendant's favor on Count I will be granted.

■ With regard to the alleged Elliott–Larsen violation, all that plaintiff has been able to show is that he failed to survive reductions in work force caused by a poor economic climate and that those who did survive were younger than he. Unfortunately, "an unsuccessful older employee who brings suit for age discrimination must show more than a mere age difference between himself and those employees who better weather the storm." *Dabrowski*, 815 F.2d at 1080. Plaintiff's failure to show anything more results in summary judgment in defendant's favor on Count II of the complaint.

■ The elements of the tort of intentional infliction of emotional distress are: 1) extreme and outrageous conduct, 2) committed intentionally or with reckless disregard, 3) causing 4) severe injury. *Warren v. June's Mobile Home Village and Sales*, 66 Mich.App. 386, 239 N.W.2d 380 (1976). The extreme and outrageous nature of the conduct is tested against an extremely high standard and it must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Roberts v. Auto–Owners Insurance Co.*, 422 Mich. 594, 602–03, 374 N.W.2d 905 (1985). Defendant's conduct in terminating plaintiff does not satisfy this particularly strict standard. Therefore, summary judgment on Count III of the complaint is appropriate.

For all of the foregoing reasons,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.