Donald F. FIX, Plaintiff,

v.

UNISYS CORPORATION, Defendant.

No. 91–71357.

United States District Court,
E.D. Michigan, S.D.

Jan. 31, 1992.

Keller & Avadenka, P.C. by Barry F. Keller, Thomas C. Bromell, Bloomfield Hills, Mich., for plaintiff.

William T. Coleman, III, John Mucha, III, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff Donald F. Fix filed his complaint April 1, 1991, under diversity jurisdiction alleging state law age discrimination in his termination by defendant Unisys Corporation. Defendant filed the instant motion for summary judgment December 6, 1991. Plaintiff filed his response December 26, 1991; and defendant replied January 3, 1992. Because it appears that plaintiff has failed to establish a *prima facie* of age discrimination, defendant's motion will be granted.

### FACTS

Unisys Corporation ["Unisys"] is a computer company formed in 1986 as a result of a merger between Burroughs Corporation ["Burroughs"] and Sperry Corporation. Plaintiff Donald F. Fix began his employment with Burroughs February 2, 1954. Plaintiff was a customer service engineer ["CSE"] throughout his employment with Burroughs/Unisys. He was a senior CSE at the time he was laid off. While employed at Unisys, plaintiff trained certain younger Unisys employees on various systems. These younger employees were not laid off by Unisys.

Plaintiff had a history of customer relations problems. Plaintiff's supervisor from November 1986 through September 1989 was Richard Brown. During this time period, Brown spoke with plaintiff on at least three occasions regarding plaintiff's problem with customer relations. Even though plaintiff's customer relations were reflected in his performance reviews, defendant asserts that customer complaints grew worse in 1989. Plaintiff's April 14, 1989 review reflects this concern. Plaintiff was reevaluated and again this concern was raised. In a memorandum, Brown informed plaintiff that "[i]f customer complaints continue, I will have to take discipli-

nary action, which could include dismissal." Defendant's Ex. L (memorandum dated July 5, 1989). During this time, plaintiff also requested transfers to other Unisys departments but was turned down by his superiors.

On October 6, 1989, plaintiff was informed that he had been selected for layoff as part of a corporate restructuring and reduction in force. Plaintiff's layoff was effective November 30, 1989. Plaintiff was subsequently terminated. Plaintiff now complains that his layoff was based on his age and length of tenure with Burroughs/Unisys and not on economic necessity or job performance.

## STANDARD OF REVIEW

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." (Citation omitted.) *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

## ANALYSIS

■ Plaintiff is charging defendant with age discrimination under Michigan's Elliot–Larsen Civil Rights Act, Mich.Comp. Laws Ann. § 37.2202. In order to form a *prima facie* case of age discrimination, plaintiff must show that

(1) he was a member of a protected class;

(2) he was discharged;

(3) he was qualified for the position; and

(4) he was replaced by a younger person.

*Matras v. Amoco Oil Co.*, 424 Mich. 675, 683, 385 N.W.2d 586 (1986); *Dubey v. Stroh Brewery Co.*, 185 Mich.App. 561, 564, 462 N.W.2d 758 (1990). The burden then shifts to defendant to show a legitimate business purpose for plaintiff's dismissal. *See Matras*, 424 Mich. at 683, 385 N.W.2d 586; *Dubey*, 185 Mich.App. at 564, 462 N.W.2d 758. Once defendant makes this showing, plaintiff is then called upon to refute this business purpose. *See Matras*, 424 Mich. at 683, 385 N.W.2d 586; *Dubey*, 185 Mich.App. at 564, 462 N.W.2d 758. Further, in order to defeat defendant's motion for summary judgment, plaintiff must put forth some evidence indicating that age was a determining factor in his discharge. *Matras*, 424 Mich. at 683–84, 385 N.W.2d 586; *Dubey*, 185 Mich.App. at 564–65, 462 N.W.2d 758; *Eliel v. Sears, Roebuck & Co.*, 150 Mich.App. 137, 140, 387 N.W.2d 842 (1985).

■ First, it is undisputed that plaintiff is a member of the protected class of workers between 40 and 70 years of age. Second, it is undisputed that plaintiff was discharged by Unisys. Third, plaintiff has sufficiently shown that he was qualified for the position. He has had over 35 years of experience at his position. Defendant asserts that his poor customer relations was a liability, and this may detract from plaintiff's qualifications. This merely raises a factual question resolved in favor of plaintiff for the purposes of this summary judgment motion.

However, it is apparent that plaintiff was not "replaced" by a younger person. Plaintiff's duties were distributed between the remaining employees in his unit. Further, in an employer's across-the-board reduction in force, the elimination of a position is not equivalent to the termination of the employee. *See Sahadi v. Reynolds Chemical*, 636 F.2d 1116, 1117 (6th Cir.

1980) (applying the Age Discrimination Employment Act ["ADEA"], 29 U.S.C. § 623(a)).[1] "[P]laintiff's job was simply eliminated. Plaintiff was not replaced." *Id.* Defendant did not terminate plaintiff's position under a pretext; there was an actual reduction in force at Unisys taking place, a fact that plaintiff does not dispute. *See Stokes v. Unisys Corp.*, No. 91–40257, slip op. at 2 (E.D.Mich. Jan. 23, 1992).

■ Further, it is of no consequence that all of the remaining employees were plaintiff's age or younger. *See Eliel*, 150 Mich.App. at 141, 387 N.W.2d 842 (citing *Laugesen v. Anaconda Co.*, 510 F.2d 307, 313 n. 4 (6th Cir.1975) (applying the ADEA)). The fact that recent and younger hirees assumed plaintiff's old responsibilities is also of no concern. *Sahadi*, 636 F.2d at 1117. Additionally, Unisys was under no duty to transfer plaintiff. "[T]he question ... [is] not whether plaintiff was treated fairly but whether discrimination occurred." *Id.*

■ Finally, plaintiff's submission and the record are devoid of any evidence pointing out any act of age discrimination on the part of defendant. Plaintiff's bare conclusory statements will not overcome a motion for summary judgment. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11; *Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1356. Even small statistical samples are treated with suspicion by the courts. *Simpson v. Midland–Ross*, 823 F.2d 937, 943 n. 7 (6th Cir.1987). Plaintiff's small statistical sample is wholly uncorroborated by hard evidence. Therefore, for the purposes of this motion, plaintiff has not established his *prima facie* case of age discrimination.

■ Even if plaintiff has established his *prima facie* case of age discrimination, defendant has met its burden of persuasion by offering up a legitimate business purpose. *See Matras*, 424 Mich. at 683, 385 N.W.2d 586; *Dubey*, 185 Mich.App. at 564,

---

1. Although plaintiff brings this case under Michigan's Elliot–Larsen Civil Rights Act, this court finds those cases construing the ADEA instructive. *See McCart v. J. Walter Thompson USA,* *Inc.,* 181 Mich.App. 611, 615, 450 N.W.2d 10 (1989) (citing *Sahadi* with approval); *Bhogaonker v. Metropolitan Hosp.,* 164 Mich.App. 563, 565, 417 N.W.2d 501 (1987) (same).

462 N.W.2d 758. Defendant has clearly stated that plaintiff's performance reviews were the lowest in his unit, and company policy was that if reductions were to be made, the employee with the lowest rating would be the first to be discharged. Plaintiff has failed to show this court that this business purpose was a mere pretext. *Matras*, 424 Mich. at 683, 385 N.W.2d 586; *Dubey*, 185 Mich.App. at 564, 462 N.W.2d 758. Plaintiff did have the lowest evaluation score in his unit. Defendant was in the middle of a *bona fide* work force reduction. Plaintiff has offered no evidence to indicate that age was a determining factor in his discharge. *Matras*, 424 Mich. at 683–84, 385 N.W.2d 586; *Dubey*, 185 Mich. App. at 564–65, 462 N.W.2d 758; *Eliel*, 150 Mich.App. at 140, 387 N.W.2d 842. Therefore, even assuming *arguendo* that plaintiff could establish a *prima facie* case of age discrimination, plaintiff has not refuted defendant's legitimate business purpose.

### ORDER

For the foregoing reasons, it is hereby ORDERED that defendant's motion for summary judgment is GRANTED.

SO ORDERED.