Kenneth R. IMHOF, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Nick Petrella, Robert Rinaldi, and Eileen Mullaly, Defendants.

Civ. A. No. 92–77360.

United States District Court,
E.D. Michigan,
Southern Division.

July 1, 1994.

Michael L. Donaldson, Livonia, MI, David A. Bower, River Rouge, MI, for Imhof.

Jon R. Steiger, Bloomfield Hills, MI, for Metro Life Ins.

Louis Theros, Dickinson, Wright, Moon, Van Dusen & Freeman, Bloomfield Hills, MI, for General Motors Corp.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff Kenneth Imhof is seeking recovery of damages from defendant Metropolitan Life Insurance Company ("Metropolitan") under Michigan's Elliott–Larsen Civil Rights Act, Mich.Comp.Laws.Ann. §§ 37.2102–37.-2804, and common law promissory estoppel based upon the alleged wrongful denial of a promotion.[1] Plaintiff alleges that defendant promoted four women over him as a result of reverse sex discrimination. Before the court is Metropolitan's motion for summary judgment on both claims. Because plaintiff has admitted that his estoppel count lacks merit, the court will only address his state civil rights claim. For the reasons discussed below, the court will grant Metropolitan's motion.

### I. Background

Plaintiff is a thirty-eight year old white male who has been employed by Metropolitan for approximately twenty years. In November 1989, plaintiff was a senior management consultant with Metropolitan's operational analyses division in New York. In May 1990, plaintiff agreed to relocate to the Detroit office. At that time, the Detroit office was run by a director and two consulting managers. The two consulting managers were Bob Rinaldi and Eileen Mullaly. Plaintiff's position was one step below that of the consulting managers.

In July 1991, Metropolitan restructured its Detroit office to eliminate the director's position and increase the number of consulting managers to four. Because Rinaldi and Mullaly left their positions during the restructuring, four consulting manager positions opened up for application. Plaintiff and fourteen other employees applied for the four positions. The applicants included nine women and six men.

In September 1991, Metropolitan made its decision. Plaintiff was not selected for one of the positions of consulting manager. Instead, four of the female applicants received offers. Metropolitan alleges that the female applicants received the offers because they were more qualified. In addition, it alleges that plaintiff had problems with teamwork and appeared unwilling to travel as much as was required of a consulting manager. Metropolitan has filed a motion for summary judgment.

---

1. Defendants Nick Petrella, Robert Rinaldi, and Eileen Mullaly have apparently never been served in this action. As a result, only defendant

Plaintiff never explicitly claims that he was more qualified for the position than the four women, but he does point to the fact that he was ranked higher in terms of seniority and position.

Following the news of the denial of his promotion, plaintiff became so "upset and hit hard" that he stayed home from work for one week. He then returned to work for three months to finish up pending assignments that did not involve contact with the four new consulting managers. In January 1992, plaintiff again left work until August 1992, first exhausting his vacation time and then complaining of depression. However, plaintiff never qualified for disability status. After his extended absence, Metropolitan allowed plaintiff to return to work.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## III. Analysis

### A. Burden of Proof

Plaintiff alleges that Metropolitan wrongfully denied him a promotion to the position

of consulting manager, and instead gave the promotion to four female employees based on their gender in violation of the Elliott–Larsen Civil Rights Act, Mich.Comp.Laws Ann. § 37.2202. The relevant portion of section 37.2202 provides as follows:

(1) An employer shall not:

(a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, se, height, weight, or marital status.

*Id.*

In interpreting the Act, Michigan courts have adopted the burden of proof enunciated by the Supreme Court in *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *See, e.g., Jenkins v. American Red Cross,* 141 Mich. App. 785, 793, 369 N.W.2d 223 (1985). Under that standard, the plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence. Once the plaintiff has established a prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. Should the defendant meet its burden, the plaintiff then has an opportunity to show by a preponderance of the evidence that the defendant's proffered reasons were merely a pretext for discrimination. *Id.* Throughout the court's analysis, however, the ultimate burden remains with the plaintiff to establish that he was the victim of intentional discrimination.

In the instant action, plaintiff has advanced a "disparate treatment" theory of reverse sex discrimination. In Michigan, in order to establish a prima facie case under a disparate treatment theory, plaintiff must show that he was a member of a class protected by the Act and that, for the same or similar conduct, he was treated differently than a woman. "The crux of a sex discrimination action is that similarly situated persons have been accorded different treatment because of their sex." *Slayton v. Michigan Host, Inc.,* 144 Mich.App. 535, 541, 376 N.W.2d 664 (1985); *see also Storch v. Beacon Hotel Corp.,* 788 F.Supp. 960, 964 (E.D.Mich. 1992); *Jenkins,* 141 Mich.App. at 793–94, 369 N.W.2d 223.

### B. Higher Burden for Reverse Discrimination

Metropolitan argues that in cases of reverse sex discrimination, that is discrimination of a member of a traditionally favored group, a higher burden is placed upon such plaintiffs in establishing their prima facie case. In such instances, Metropolitan contends that plaintiff must demonstrate the existence of "background circumstances [that] support the suspicion that the defendant is that unusual employer who discriminates against the majority" and "show that the employer treated differently employees who were similarly situated but not members of the protected group." *Murray v. Thistledown Racing Club, Inc.,* 770 F.2d 63, 66–67 (6th Cir.1985); *Rivette v. United States Postal Service,* 625 F.Supp. 768, 770–71 (E.D.Mich.1986). In addition, the plaintiff bears the burden of demonstrating that he was intentionally discriminated against "despite his majority status." *Murray,* 770 F.2d at 67.

Plaintiff claims that he should not be required to make any additional showing of background circumstances in establishing his prima facie case. He argues that the cases relied upon by Metropolitan are federal court decisions interpreting Title VII, not the Elliott–Larsen Civil Rights Act, and thus are inapplicable to this action. Furthermore, plaintiff notes that no Michigan case has addressed the issue of the burden applicable to victims of reverse discrimination.

The court finds that the higher burden in cases of reverse discrimination enunciated by federal courts in relation to Title VII is applicable in this action. Michigan courts have clearly stated that it is "appropriate to rely on federal precedent in deciding discrimination cases." *Jenkins,* 141 Mich.App. at 793 n. 2, 369 N.W.2d 223; *see State Employees Ass'n v. Department of Management & Bud-*

*get,* 428 Mich. 104, 117, 404 N.W.2d 606 (1987); *Civil Rights Comm'n v. Chrysler Corp.,* 80 Mich.App. 368, 375 n. 4, 263 N.W.2d 376 (1977). Because section 37.2202 of the Elliott–Larsen Civil Rights Act is modeled after Title VII, Michigan courts have consistently utilized federal precedent and guidance in setting standards under the sister state statute. *Farmington Education Ass'n v. Farmington School Dist.,* 133 Mich.App. 566, 571, 351 N.W.2d 242 (1984). In this instance, the Michigan courts have not addressed the issue presented here concerning the appropriate burden for cases involving reverse discrimination. However, the two United States District judges who have addressed the issue, as well as the Sixth Circuit in an unpublished decision, have concluded that a higher burden is applicable to reverse discrimination cases brought under the Elliott–Larsen Civil Rights Act. *Jamison v. Storer Broadcasting Co.,* 830 F.2d 194 (6th Cir.1987) (text available at 1987 WL 44901, 1987 U.S.App. LEXIS 12922); *Donley v. Ameritech Servs., Inc.,* 92–72236, 1992 U.S.Dist. LEXIS 21281, at *9 (E.D.Mich. Nov. 16, 1992); *Makie v. Maintenance Central for Seniors,* No. 85–74838, 1987 U.S.Dist. LEXIS 15697, at *7 (E.D.Mich. July 31, 1987).

Similarly, this court is persuaded that a Michigan court hearing this matter would require the additional showing of "background circumstances" in considering plaintiff's claim. As a result, the court finds that as part of his prima facie case, plaintiff must make a showing of background circumstances that demonstrate that Metropolitan is the unusual employer who favors women over men and that it treated differently employees who were similarly situated but not members of the protected group.

### C. Existence of Background Circumstances

█ Because plaintiff argued that he had no burden to make a showing of background circumstances, plaintiff has not indicated what facts, if any, would support such a showing. One method of demonstrating such background circumstances has been to "inquire into the consistency of the procedures used by the defendant in the disputed case compared to those routinely used." *Rivette,* 625 F.Supp. at 771. In this case, however, there are no facts that indicate that the procedures used by Metropolitan were inconsistent. In fact, Metropolitan has presented evidence to show that it complied with all required procedures during the selection process. In addition, plaintiff has presented no facts showing that Metropolitan had implemented any type of affirmative action program for women and that it had gone awry.

In support of an assertion of the special background circumstances, plaintiff may rely upon his assertion that Metropolitan seems to favor women. However, it appears that plaintiff has, to a large degree, merely claimed that he has a "feeling" that Metropolitan favors women, and that it was his "belief" that women received preferential treatment. The only specific allegation plaintiff has presented involves a conversation reported by plaintiff between Mike Lucarelli, a vice president of another division of Metropolitan and Ross Sanders, an employee. According to plaintiff's deposition testimony, Lucarelli allegedly told Sanders that the UAW or General Motors Corporation, Metropolitan customers, prefer women in certain liaison positions. As a result, Lucarelli allegedly told Sanders that he had filled an associate management position that involved union interaction with a woman.

However, this is the only specific instance that plaintiff was able to cite that gave any indication that Metropolitan favors the hiring of women. Furthermore, the connection between Lucarelli's comments and the decision not to promote plaintiff appears nonexistent. Plaintiff has presented few facts showing that GM or the UAW was even involved in the positions at issue here. In addition, Lucarelli was in no way involved in the decision-making process concerning plaintiff's promotion. Furthermore, he was not even in the same division of Metropolitan as plaintiff. Such stray comments by unrelated employees cannot serve as a basis of a showing that Metropolitan engaged in reverse discrimination in denying a promotion to plaintiff. Plaintiff has failed to connect the comments about the gender preferences of a Metropolitan customer regarding a separate division

with the specific employment decision in this matter. As a result, the court concludes that plaintiff has failed to present sufficient facts demonstrating background circumstances supporting a suspicion that Metropolitan is the unusual employer that discriminates against men, a traditionally favored group.

### D. Similarly Situated and Pretext

Even if he could make a showing of background circumstances in support of his reverse discrimination claim, the court finds that plaintiff has not presented sufficient evidence to meet the other elements of his prima facie case or that rebut Metropolitan's non-discriminatory explanation. Plaintiff has not demonstrated that the four female employees that received the promotions were similarly situated to himself, or that Metropolitan's stated reason for promoting them over plaintiff is a pretext. Metropolitan contends that the four female employees were more qualified and better suited for the job. In support of this contention, Metropolitan has presented the affidavit of William Shank, a vice president at Metropolitan who, along with Nick Petrella, made the promotion decisions. Shank asserts that the four female employees were chosen because they were the most qualified applicants for the job and exhibited "skills which were superior to the other candidates" in such areas as "interaction with customers and fellow workers, strong leadership abilities, and effective management of interactions with superiors in the organization." Shank affidavit at 3. In addition, Metropolitan contends that plaintiff was unwilling to completely meet the travel requirements of the position. Finally, plaintiff admits that he had problems in his performance evaluations related to his ability to work as a team player.

The court finds that plaintiff has failed to show that the four female employees that were promoted were similarly situated to himself. In addition, the court finds that plaintiff has failed to demonstrate that Metropolitan's non-discriminatory reason behind its promotion decisions was a mere pretext. Plaintiff has not rebutted the evidence brought forward by Metropolitan that the four female employees were more qualified and better suited for the job of consulting manager. Plaintiff has merely presented evidence that shows that he received favorable performance reviews on at least some occasions. However, isolated, favorable performance reviews of plaintiff give no indication whatsoever of the qualifications of the four women involved by comparison. If the four women were more qualified and were willing to accept all of the requirements of the position, as plaintiff was apparently unwilling to do, then plaintiff cannot claim that he was similarly situated to those who received promotions. Finally, plaintiff's reliance upon his higher seniority and position is belied by the fact that the company decision maker involved did not even base his decision on either of those two criteria.

Because Metropolitan's evidence concerning the qualifications of the four women has gone unrebutted, the court must accept them as true. As a result, the court must find that those who received promotions were not similarly situated to plaintiff, and that Metropolitan has articulated a legitimate, nondiscriminatory reason for its denial of a promotion that plaintiff has not shown to be a pretext. See Dubey v. Stroh Brewery Co., 185 Mich. App. 561, 566, 462 N.W.2d 758 (1990) ("soundness of employer's business judgment ... may not be questioned as a means of showing pretext"), lv. denied, 437 Mich. 916 (1991).

### E. Conclusion

In summary, the court finds that plaintiff has failed to raise a genuine issue of material fact concerning whether he has presented a valid claim for reverse discrimination under the Elliott–Larsen Civil Rights Act. Plaintiff has failed to demonstrate background circumstances that support the suspicion that Metropolitan is that unusual employer who discriminates against men. In addition, plaintiff has failed to show that the four promoted women were similarly situated to himself or that Metropolitan's stated reason for the denial of a promotion was a pretext. As a result, plaintiff has not established a prima facie case of reverse discrimination.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendant Metropolitan

Life Insurance Company's motion for summary judgment is **GRANTED.** Plaintiff's complaint is **DISMISSED** with prejudice.

**SO ORDERED.**