# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY S. FINK,

        Plaintiff-Appellee,

v

DEPARTMENT OF CORRECTIONS,

        Defendant-Appellant.

UNPUBLISHED
May 17, 2018

No. 337512
Genesee Circuit Court
LC No. 15-105719-CD

Before: CAMERON, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying defendant's motion for summary disposition in this age discrimination action. We reverse.

## I. FACTUAL BACKGROUND

Plaintiff worked for the Saginaw Police Department for 20 years, and he was a detective for the majority of that time. In February 2012, he retired and was immediately hired into the police department for the United States Department of Veterans Affairs. On July 10, 2014, he applied for a position with defendant as a parole/probation officer, and he was called in for an interview on July 29, 2014. While in the waiting room, plaintiff noticed two other individuals who appeared to be under 30 years old and were either waiting for their interview or had just finished interviewing. After plaintiff was interviewed, he learned that defendant contacted his references. However, plaintiff was never informed as to the status of the position. He eventually contacted the human resources department and learned that the position was offered to another candidate. Plaintiff applied four more times within a span of six months to other similar positions at different locations. He never received an interview regarding those positions.

Plaintiff filed suit under Michigan's Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101, alleging age discrimination. Defendant filed a motion for summary disposition, claiming it did not discriminate against plaintiff based on age. Defendant has conceded that each

---

[1] *Fink v Dep't of Corrections*, unpublished order of the Court of Appeals, entered April 20, 2017 (Docket No. 337512).

of the candidates it hired were younger than plaintiff, who was 49 years old at the time of the interview. Defendant produced a list of 16 parole/probation officers who ranged in age from 29 to 47 years old when they were hired. However, defendant claimed that the employees who were hired had actual experience supervising parolees and probationers—experience that plaintiff did not have. Plaintiff, however, claimed that he was just as qualified, if not more qualified, than the other candidates, and the only reason he was not hired was because of his age. The trial court analyzed plaintiff's claim using the *McDonnell Douglas* burden-shifting framework. See *McDonnell Douglas Corp v Green*, 411 US 792, 802-804; 93 S Ct 1817; 36 L Ed 2d 668 (1973). The trial court denied defendant's motion, concluding there was a genuine issue of material fact as to whether defendant discriminated against plaintiff on the basis of age because each of the hired candidates were younger than he. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's ruling on a summary disposition motion is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Defendant brought its motion for summary disposition under MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5)." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. ANALYSIS

On appeal, defendant contends that the trial court erred in denying its motion for summary disposition when it concluded that there was a genuine issue of material fact as to age discrimination under the ELCRA. Defendant argues that the trial court erred when it accepted plaintiff's evidence for his prima facie case as evidence of pretext, conflating the first and third stages of the *McDonnell Douglas* burden-shifting framework. We agree.

In relevant part, MCL 37.2202 states:

(1) An employer shall not do any of the following:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

A plaintiff may prove discrimination by either direct or indirect evidence. *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001). Direct evidence is that "which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id*. (quotation marks and citation omitted). If there is no direct evidence, a plaintiff may rely on indirect evidence. *Id*. at 462-463. A plaintiff relying on indirect evidence

is constrained to rely on the burden-shifting approach that the Supreme Court set out in *McDonnell Douglas*. *Id.*

Under the burden-shifting framework, a plaintiff must first establish a prima facie case. *Hazle*, 464 Mich at 463.

> To establish a prima facie case of age discrimination, plaintiff must prove, by a preponderance of the evidence, that (1) she was a member of the protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a younger person. [*Lytle v Malady (On Rehearing)*, 458 Mich 153, 177; 579 NW2d 906 (1998).]

If a plaintiff establishes a prima facie case, there is a presumption of discrimination. *Hazle*, 464 Mich at 463-464. An employer may defeat this presumption by "articulat[ing] a legitimate, nondiscriminatory reason for its employment decision[.]" *Id.* at 464. If an employer provides such a reason, the burden shifts back to the plaintiff to show that the evidence, construed in the light most favorable to the plaintiff, is "sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff." *Id.* at 465 (quotation marks and citation omitted).

> The inquiry at this final stage of the *McDonnell Douglas* framework is exactly the same as the ultimate factual inquiry made by the jury: whether consideration of a protected characteristic was a motivating factor, namely, whether it made a difference in the contested employment decision. The only difference is that, for purposes of a motion for summary disposition or directed verdict, a plaintiff need only create a question of material fact upon which reasonable minds could differ regarding whether discrimination was a motivating factor in the employer's decision. [*Id.* at 466 (citation omitted).]

Regarding the first stage, defendant has not challenged the trial court's determination that plaintiff successfully established a prima facie case by showing that all of the hires were, in fact, younger than him.

As for the second stage, plaintiff contends that defendant has not offered a legitimate, nondiscriminatory reason for failing to hire him. According to plaintiff, defendant's proffered reason, i.e., that there were other more qualified candidates, was improper. For support, plaintiff relies on *Hazle*, which states:

> Because a plaintiff has no obligation to prove relative qualifications to a jury, it can hardly be disputed that a plaintiff cannot be *required* to offer evidence that he is at least as qualified as the successful candidate in order to establish a prima facie case under *McDonnell Douglas*.

> Nor does anything in the language of the Civil Rights Act itself suggest a requirement that a plaintiff prove relative qualifications in order to succeed on a discrimination claim, let alone require that a plaintiff offer such evidence in order to survive a motion for summary disposition or directed verdict. [*Hazle*, 464 Mich at 469-470 (citation omitted).]

-3-

Plaintiff contends that because he is not required to establish that he was the most qualified candidate, defendant's claim that it hired the most qualified candidate does not satisfy defendant's burden to articulate a legitimate, nondiscriminatory reason for its hiring decisions. However, plaintiff's reasoning is flawed. "Legitimate" is defined, in relevant part, as "[c]omplying with the law; lawful." *Black's Law Dictionary* (10th ed). Hiring a more qualified candidate is certainly lawful. In *Hazle* itself, our Supreme Court found that the defendant's reasons for not hiring the plaintiff—that it selected a candidate it believed was more qualified and would foster changes in the company—qualified as legitimate, nondiscriminatory reasons. *Hazle*, 464 Mich at 473. Here, the record indicates that defendant hired other candidates with direct parole and probation experience—the kind of experience that plaintiff did not have.

Additionally, defendant proffered a second legitimate, nondiscriminatory reason that is outside the rule in *Hazle*. Defendant explained that some of the individuals hired for the positions for which plaintiff applied were lateral transfers rather than new hires. Preferring lateral transfers to new hires is certainly lawful, and thus, legitimate. *Black's Law Dictionary* (10th ed). Even plaintiff admitted that it can be reasonable for an employer to prefer a lateral transfer to a new hire. Thus, defendant's second reason also qualifies as a legitimate, nondiscriminatory reason why defendant selected another candidate.

Finally, plaintiff claims that defendant did not have a legitimate, nondiscriminatory reason to refuse additional interviews when plaintiff reapplied for other openings. According to defendant, it may not have interviewed plaintiff again because he had been interviewed within the last six months. However, plaintiff avers that, because defendant has no explicit policy to that effect, there was no legitimate reason to refuse to interview plaintiff for other positions. This argument fails. We are not aware of a requirement that an employer's reason for taking any type of employment action be supported by an explicit policy. Paul Robert Rolland Dean, defendant's Human Resources officer, stated that a second interview may not have been necessary because plaintiff had been interviewed within six months. Moreover, because defendant offered two other reasons—that it hired more qualified candidates and lateral transfers—which alone would satisfy defendant's burden, defendant has met the threshold requirements under the second phase of the *McDonnell Douglas* framework.

Turning to the third phase, plaintiff must show that defendant's reasons for not hiring plaintiff were pretext for age discrimination. Specifically, plaintiff must provide evidence "sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff." *Hazle*, 464 Mich at 465. A plaintiff can prove pretext by: (1) showing that the reasons had no basis in fact, (2) showing that the reasons that the defendant articulated were not the defendant's actual motivating reasons, or (3) showing that the reasons were insufficient to justify the defendant's decision. *Dubey v Stroh Brewery Co*, 185 Mich App 561, 565-566; 462 NW2d 758 (1990). In extreme cases, when a defendant's proffered legitimate reason is not credible, a plaintiff may be able to proceed to trial with only the evidence he offered to establish a prima facie case:

> The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to

infer the ultimate fact of intentional discrimination, and the Court of Appeals was correct when it noted that, upon such rejection, no additional proof of discrimination is required. [*Lytle*, 458 Mich at 174 (quotation marks and citation omitted).]

At the pretext stage, plaintiff's only evidence is that he was qualified for the position and the hires were younger than he. However, defendant, as stated under the second stage of the *McDonnell Douglas* framework, concluded that other individuals were more qualified. The candidates who were hired had backgrounds as parole/probation officers. Some were lateral hires, and others had experience working in the parole/probation system. On the other hand, plaintiff did not have any experience supervising parolees and probationers, and he had limited knowledge as to the parole/probation system. It is also noteworthy that three of the positions plaintiff applied for received between 250 and 400 applications each, and some hires were only a few years younger than plaintiff. Hiring candidates who are just as qualified, if not more qualified, is within defendant's business judgment. *Town v Mich Bell Telephone Co*, 455 Mich 688, 704; 568 NW2d 64 (1997) (stating that the plaintiff's attempt to show that she was more qualified, "merely raise[d] questions about [the defendant's] business judgment."). The fact that some of the chosen candidates were only a few years younger than plaintiff does not necessarily prove age discrimination in this case. See *Lytle*, 458 Mich at 180 (holding that the employees who were promoted were in the same protected class as the plaintiff because they were only two years younger).

It is true that a plaintiff need not prove his relative qualifications in regard to other candidates in order to survive a motion for summary disposition. *Hazle*, 464 Mich at 470. He must only present, for the purposes of a motion for summary disposition, "a question of material fact upon which reasonable minds could differ regarding whether discrimination was a motivating factor in the employer's decision." *Id*. at 466. Plaintiff may establish discriminatory animus by offering other kinds of evidence independent of his qualifications, e.g., evidence that those whom defendant claimed were lateral hires were in fact new hires or that defendant's articulated legitimate, nondiscriminatory reasons were unbelievable or insufficient to justify its hiring decisions. However, defendant can still rely on the fact that it hired the most qualified candidates.

In *Hazle*, our Supreme Court compared the qualifications of the plaintiff, a black woman, to those of Michelle Block, a white woman, to determine whether the defendant violated the ELCRA *Id*. at 457-458, 472. The defendants hired Block as the office manager in a department that administered pension benefits for a major automotive manufacturer. *Id*. at 458, 472. The position required experience in management, finance, and accounting. *Id*. at 472. This Court relied on the plaintiff's lack of relevant experience and Block's more relevant, practical experience, to find there was no issue of fact as to whether the defendants provided a legitimate, nondiscriminatory reason for hiring Block over the plaintiff. *Id*. at 472-473. Turning to pretext, the Court noted that the plaintiff provided no other evidence to prove that race was a motivating factor. *Id*. at 473-474. The plaintiff relied heavily on the fact that she had a college degree while Block did not, but this Court concluded that the plaintiff had not established pretext that would overcome the defendant's claim that it had hired the most qualified candidate. *Id*. at 475-476.

Our Supreme Court stated:

> The essence of defendants' stated reasons for their decision to hire [Block] over plaintiff was that they did not believe that plaintiff was as qualified as [Block] for the office manager position. While plaintiff was not required to seek to show that she was in fact more qualified than Block in order to survive summary disposition, plaintiff *was* required to demonstrate that the evidence in this case would permit a jury to find that defendants' explanation was a pretext for race discrimination. Other than her subject claim that she was more qualified than [Block], plaintiff has offered nothing to support her claim that defendants acted with racial animus. [*Id*. at 476.]

Though plaintiff is not required to prove his qualifications, as stated in *Hazle*, he is not absolved from establishing a genuine issue of fact as to defendant's discrimination. Plaintiff cannot simply rely on the fact that the other candidates were younger than he to show pretext. By plaintiff's logic, any time a defendant states as its legitimate, nondiscriminatory reason that it hired more qualified candidates, the plaintiff can evade the third stage of the burden-shifting framework by simply relying on his prima facie case. Our Supreme Court instructs that more is required, and plaintiff has not provided any such evidence.

Plaintiff argues there is a question of fact as to pretext because defendant has no policy of limiting the number of interviews offered to a candidate in a specified period of time. However, the absence of an express policy on the matter does not automatically prove pretext for illegal discrimination. There was no evidence that defendant interviewed other younger applicants multiple times for those same positions. The fact remains plaintiff has not questioned defendant's other proffered reasons, i.e., that defendant filled the positions with more qualified candidates and lateral transfers. Thus, even construing the available facts most favorably to plaintiff, he cannot establish that defendant's articulated reasons are mere pretext. Because the situation in this case is not of the sort contemplated by *Lytle*, in which defendant's articulated reasons are highly dubious on their face, *Lytle*, 458 Mich at 174, the trial court should have granted summary disposition in favor of defendant because the evidence, even construed in the light most favorable to the plaintiff, is insufficient for a reasonable trier of fact to find that discrimination was a motivating factor in defendant's hiring decisions. See *Hazle*, 464 Mich at 466. We reverse the decision of the trial court in all respects and remand for entry of summary disposition in favor of defendant.

Reversed and remanded. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

-6-