*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANE ANN DECATUR,

      Plaintiff-Appellant,

v

PNC BANK, NA and SUZANNE JOSEPH,

      Defendants-Appellees.

UNPUBLISHED
July 23, 2019

No. 342084
Bay Circuit Court
LC No. 16-003782-CD

Before: O'BRIEN, P.J., and FORT HOOD and CAMERON, JJ.

PER CURIAM.

Plaintiff, Jane Ann Decatur, appeals an order granting summary disposition under MCR 2.116(C)(10) in favor of defendants, PNC Bank, NA and Suzanne Joseph. Decatur raised a single claim of age discrimination under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*, claiming that she was fired from her position as lead bank teller because of her age. On appeal, Decatur argues that the trial court erred when it concluded that there was no genuine issue of material fact that would allow her age discrimination claim to survive summary disposition. We affirm.

## I. BACKGROUND

Decatur worked in the banking industry for approximately 35 years. She was born on December 12, 1962, and began her career in 1981 as a part-time bank teller. In 2010, Decatur worked as teller lead and vault teller with PNC's Pinconning branch. Joseph was a regional manager for PNC, and Tammy Mularz was the branch manager supervising the Pinconning location. In June 2016, Joseph informed Decatur that the Pinconning branch would be closing. Joseph originally told Decatur there would be a position available at the Lafayette branch. However, Decatur requested to be transferred to the Pine Street branch that also had an opening. Joseph approved the transfer.

On September 29, 2016, Decatur was still working at the Pinconning branch when her husband suffered a stroke. On that day, coworkers Lesley Lynch and Danielle Steinbauer were working as a part-time teller and a sales and service representative respectively. Decatur testified at her deposition that before she left to be with her husband, she gave Lynch and

Steinbauer two halves to the combination of the main reserve cash vault, where the Pinconning branch stored its paper currency. This was an acceptable practice under PNC's Code of Ethics and Fidelity Bonding policy. Vaults at the PNC branch had to be accessed under dual control, meaning each vault required two people (except for the vault teller) to open the vault. Decatur denied giving Lynch or Steinbauer the combinations to the main reserve coin vault—where the branch stored its coins—or to Decatur's personal coin locker.

On September 30, 2016, while Decatur was absent and caring for her husband, Mularz conducted an audit of the Pinconning branch. Mularz explained that she audited the main reserve cash vault and Decatur's personal coin locker. During the audit, Mularz discovered that Lynch had opened the main reserve coin vault by herself—not under dual control. Similarly, Lynch was able to access Decatur's personal coin locker. Mularz testified that Lynch should not have had the full combinations to either. Mularz reported her findings to Joseph, who instructed Mularz to call the Employee Relations Information Center (ERIC). The case was assigned to Senior Employee Relations Investigator Judith Haas.

On October 4, 2016, Haas interviewed Steinbauer, Lynch, and Decatur over the phone. Steinbauer told Haas that after the audit, Decatur and Lynch both told Steinbauer that if anyone asked her about any security issues, she should say that the combination to the vault was split between her and Lynch. Lynch admitted to having the combination to the main reserve coin vault because she was once the vault teller. However, Lynch denied having access to Decatur's personal coin locker or that she had told Steinbauer to lie. Finally, Decatur spoke to Haas and denied having any knowledge that Lynch had the combination to the main reserve coin vault. Decatur also adamantly denied giving Lynch the combination to Decatur's personal coin locker or telling Steinbauer to lie.

At the conclusion of the investigation, Haas determined that Decatur and Lynch violated PNC's Code of Ethics and Fidelity Bonding policy. In her report, Haas indicated:

> Based on the investigation, it was determined that Decatur did provide combinations to a co-worker providing access to her coin vault and was dishonest about the matter when questioned in the investigative interview. It was further determined that Decatur instructed another co-worker to be dishonest if asked by management why Decatur's co-worker was able to access the coin vault.

Haas made the decision to terminate the employment of Decatur and Lynch. Haas determined that Steinbauer was truthful and had not violated any of the policies. Thus, Steinbauer was allowed to return to work. After Decatur's employment was terminated, Decatur filed this lawsuit alleging age discrimination. Decatur argued that management believed Steinbauer, who was in her twenties at the time, over Decatur and Lynch, who were both older employees. Decatur also alleged that a person 16 years younger than Decatur filled the teller lead position at the Pine Street branch. Based on this evidence, Decatur alleged that she had proven unlawful discrimination.

Defendants filed a motion for summary disposition under MCR 2.116(C)(10) and claimed that PNC had set forth legitimate, nondiscriminatory reasons for Decatur's termination. Specifically, defendants argued that Haas had determined that Decatur was dishonest during the

investigation and had also directed another employee to be dishonest. These were valid reasons for termination under PNC's Code of the Ethics and Fidelity Bonding policy. After a hearing, the trial court concluded that defendants had set forth legitimate, nondiscriminatory reasons for termination that did not amount to pretext for unlawful discrimination. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's ruling on a summary disposition motion is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Defendants brought their motion for summary disposition under MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5)[.]" *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. AGE DISCRIMINATION UNDER THE ELCRA

On appeal, Decatur argues that the trial court erred in granting defendants' motion for summary disposition and concluding that there was no genuine issue of material fact as to Decatur's age discrimination claim under the ELCRA. We disagree.

In relevant part, MCL 37.2202 of the ELCRA states:

(1) An employer shall not do any of the following:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status. [MCL 37.2202(1)(a).]

A plaintiff may prove discrimination by either direct or indirect evidence. *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001). Direct evidence is that "which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id*. (quotation marks and citation omitted). If there is no direct evidence, a plaintiff may rely on indirect evidence. *Id*. at 462-463. A plaintiff relying on indirect evidence is constrained to rely on the burden-shifting approach that the Supreme Court set out in *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973). *Hazle*, 464 Mich at 462.

Under the *McDonnell Douglas* burden-shifting framework, a plaintiff must first establish a prima facie case. *Hazle*, 464 Mich at 463.

To establish a prima facie case of age discrimination, plaintiff must prove, by a preponderance of the evidence, that (1) she was a member of the protected class;

(2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a younger person. [*Lytle v Malady (On Rehearing)*, 458 Mich 153, 177; 579 NW2d 906 (1998).]

If a plaintiff establishes a prima facie case, there is a presumption of discrimination. *Hazle*, 464 Mich at 463. An employer may defeat this presumption by "articulat[ing] a legitimate, nondiscriminatory reason for its employment decision[.]" *Id*. at 464. If an employer provides such a reason, the burden shifts back to the plaintiff to show that the evidence, construed in the light most favorable to the plaintiff, is "sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff." *Id*. at 465 (quotation marks and citation omitted).

> The inquiry at this final stage of the *McDonnell Douglas* framework is exactly the same as the ultimate factual inquiry made by the jury: whether consideration of a protected characteristic was a motivating factor, namely, whether it made a difference in the contested employment decision. The only difference is that, for purposes of a motion for summary disposition or directed verdict, a plaintiff need only create a question of material fact upon which reasonable minds could differ regarding whether discrimination was a motivating factor in the employer's decision. [*Id*. at 466 (citation omitted).]

There are three ways to show that an employer's stated legitimate, nondiscriminatory reason for termination is pretext and discrimination was a motivating factor:

> (1) by showing the reasons had no basis in fact, (2) if they have a basis in fact, by showing that they were not the actual factors motivating the decision, or (3) if they were factors, by showing that they were jointly insufficient to justify the decision. The soundness of an employer's business judgment, however, may not be questioned as a means of showing pretext. [*Debano-Griffin v Lake Co*, 493 Mich 167, 180; 828 NW2d 634 (2013), quoting *Dubey v Stroh Brewery Co*, 185 Mich App 561, 565-566; 462 NW2d 758 (1990) (quotation marks omitted).]

"A plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Debano-Griffin*, 493 Mich at 180, quoting *Hazle*, 464 Mich at 476 (quotation marks omitted).

## A. PRIMA FACIE CASE

Decatur must first present a prima facie case of age discrimination. There is no dispute that Decatur is a member of a protected class and suffered an adverse employment action. Defendants, however, argue that Decatur was not qualified to hold the position of teller lead, and she failed to submit any evidence proving that she was replaced by a younger person. These arguments fail. "An employee is qualified if he was performing his job at a level that met the employer's legitimate expectations." *Town v Michigan Bell Telephone Co*, 455 Mich 688, 699; 568 NW2d 64 (1997). The evidence in the record shows that Decatur had met all expectations before the violations at issue occurred. According to Decatur's performance reviews, Decatur

was performing satisfactorily, and Joseph acknowledged in her declaration that Decatur was meeting expectations. Moreover, Decatur had been employed in the banking industry for approximately 35 years, having been promoted over the years to teller lead. By all accounts, Decatur was qualified for the position. While PNC argues that the dishonesty violations show that Decatur was not qualified to hold the position of teller lead, PNC attempts to conflate the prima facie phase with the second phase in which PNC must provide its nondiscriminatory reasons for termination. See *Cline v Catholic Diocese of Toledo*, 206 F 3d 651, 660-661 (CA 6, 2000) ("[W]hen assessing whether a plaintiff has met her employer's legitimate expectations at the prima facie stage of a termination case, a court must examine plaintiff's evidence independent of the nondiscriminatory reason 'produced' by the defense as its reason for terminating [the] plaintiff."). We conclude that Decatur has satisfied the third prong of her prima facie case.

Defendants also argue that Decatur has presented no evidence that she was replaced by a younger person. Decatur, however, testified at her deposition that she was replaced by a person who was 16 years younger. Moreover, Decatur was going to be transferred to the Pine Street branch once the Pinconning branch closed. Defendants admitted in their answer to Decatur's complaint that the position of teller lead at the Pine Street branch was filled by a male who was born in 1978, which would make him approximately 16 years younger than Decatur. Taking the evidence in the light most favorable to Decatur, she has met her burden of proving a prima facie case of age discrimination.

## B. NONDISCRIMINATORY REASONS FOR TERMINATION AND PRETEXT

Next, Decatur argues that defendants' nondiscriminatory reasons for terminating her employment was pretext for age discrimination. This argument fails.

Defendants have proffered two nondiscriminatory reasons for terminating Decatur's employment: (1) Decatur lied about giving Lynch the full combination to Decatur's personal coin locker, and (2) Decatur told Steinbauer to lie to management to give the appearance that the Pinconning branch was following PNC's security policies. There is no dispute that the proffered reasons for terminating Decatur's employment, if determined to be true, would constitute a violation of PNC's Code of Ethics and the Fidelity Bonding policy. Decatur argues, however, that these reasons are simply pretext for age discrimination because she did not give the combination to her personal coin vault to Lynch and she did not tell Steinbauer to lie. Decatur's argument fails.

One way to refute a defendant's stated legitimate, nondiscriminatory reason for termination as pretext is to show that the reason has no basis in fact. *Debano-Griffin*, 493 Mich at 180. In this case, Decatur has failed to show that defendants' stated reasons have no basis in fact. Haas testified that she conducted a full investigation concerning the acts of dishonesty, which entailed interviewing Mularz, Steinbauer, Lynch, and Decatur. Steinbauer and Mularz both testified that they did not help Lynch open Decatur's personal coin vault. According to Haas, "[t]here is no other way that [Lynch] would have obtained [the combination], unless from [Decatur]." Furthermore, Haas testified that Joseph had watched the surveillance video and reported to Haas that Lynch had accessed Decatur's personal coin vault without dual control. When asked about it, however, Decatur denied giving the combination to Lynch. Additionally,

Steinbauer consistently claimed that Decatur and Lynch told her to lie to management. Decatur claims that Steinbauer did not testify to this effect until she was asked leading questions by defense counsel. Regardless, the facts remain that Steinbauer's testimony is consistent throughout, and that Haas's report and testimony are consistent with what Steinbauer claimed happened in this case. Importantly, Haas concluded after conducting her investigation that Steinbauer was being truthful, and Decatur and Lynch were being untruthful. We cannot conclude that the record evidence raises a genuine issue of material fact as to the factual basis underlying defendants' rationale for terminating Decatur's employment.

Defendants further argue that even if Haas was mistaken in her determination, there was no evidence that the actual reasons for termination were based on age discrimination. We agree. If an employer's nondiscriminatory reasons for termination have a basis in fact, the employee must show either that they were not the actual factors motivating the decision or, if they were factors, show that those reasons were jointly insufficient to justify the decision to terminate. *Id*. Importantly, "the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Town*, 455 Mich at 704 (quotation marks and citation omitted). Decatur has proffered no evidence that tends to show that her termination was based on her age. Instead, the record evidence shows that, of the 10 employees fired for dishonesty in 2016 and 2017, Decatur was the oldest. Five of the other employees were in their twenties, two were in their thirties, and two were in their forties. The record evidence tends to show that PNC was not regularly terminating older employees when branches closed down, as Decatur suggests, but rather was simply terminating dishonest employees of all ages.

Decatur, however, argues that PNC management had engaged in actions that would suggest that age was a factor in its decision to terminate her employment. Decatur alleges that in 2015 she was transferred to another branch location, and that she believed that PNC was trying to get Decatur to quit. Joseph explained, however, in her sworn affidavit that Decatur was transferred to another branch location to complete training focused on improving leadership and coaching skills. Decatur's 2014 performance review indicated that she was meeting "some expectations," but because Pinconning was going to be a satellite office without an on-site branch manager, Joseph felt "it was important to have a teller lead on-site in Pinconning who had strong leadership and coaching skills." Once Decatur was done with the training, Joseph "always intended to return [Decatur] to Pinconning." Thus, defendants set forth an explanation as to why Decatur was transferred. But even without this explanation, Decatur has not shown how being transferred to another branch amounts to age discrimination, and she has not raised a genuine issue of material fact as to whether defendants' nondiscriminatory reasons for termination were pretext for unlawful age discrimination.[1]

---

[1] Defendants also argue that PNC's decision to terminate Decatur's employment was within its sound business judgment. While this may be true, Decatur does not question whether the decision to terminate an employee deemed to be dishonest is "sound" business judgment. Instead, Decatur claims simply that she was not dishonest, and therefore, defendants'

-6-

Finally, Decatur claims that the trial court should not have granted summary disposition because even though Haas was the decision maker concerning Decatur's employment, "Mularz is subject to the cat's paw doctrine, i.e., rubber stamp, which imposes vicarious liability upon the employer that relies upon information from discriminatory subordinates." Decatur alleges that Lynch testified at the deposition that Mularz had lied "regarding the opening of [Decatur's] personal coin vault during the audit." As we concluded previously, there was no evidence of age discrimination, and PNC was within its power to terminate Decatur's employment after conducting a full investigation. Haas concluded that Steinbauer was truthful, that Lynch and Decatur were dishonest, and that termination was appropriate considering PNC's Code of Ethics and Fidelity Bonding policy. Decatur has provided no evidence that Mularz acted in a manner that was discriminatory and would impute liability on the part of PNC for terminating Decatur's employment. Therefore, this argument fails. The trial court did not err when it granted defendants' motion for summary disposition because Decatur has not raised a genuine issue of material fact as to whether defendants' nondiscriminatory reasons for the termination were pretext for unlawful discrimination.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Karen M. Fort Hood
/s/ Thomas C. Cameron

---

nondiscriminatory reasons for termination do not have a basis in fact. In light of the analysis above, Decatur's claim fails because there is a basis in fact, and even if there was not, Decatur has not raised a genuine issue of material fact that the reasons for her termination were pretext for unlawful age discrimination.